[No. 4129.]

DAVID A. HUDSON, ADMINISTRATOR OF THE ESTATE OF MARTIN HUDSON, DECEASED, *v.* JAMES IRWIN AND SAMUEL HUTCHINSON.

DESCRIPTION IN A DEED.—If a deed describes the land conveyed by courses and monuments and boundary-lines of other tracts, and then declares that the description given is to be according to a survey theretofore made by a person named, such survey is incorporated into the deed and becomes a part of it, and the grantee acquires title only to the land contained within the exterior boundaries of such survey.

APPEAL from the District Court, Seventh Judicial District, County of Sonoma.

Action to quiet title to a tract of land in Sonoma County, being a part of the Rancho Los Guillicos, granted to Don Juan Wilson by the Mexican nation in 1837. In July, 1851, William Hood and Amelia Wilson were the owners of the rancho, and conveyed to Martin and William Hudson a tract of land, being part of the rancho. The land conveyed was described in the deed as follows: "Beginning at a point of the Arroyo de los Alamos where it is crossed by the northern line of the Guillicos Rancho; thence following down the centre of the Alamos Creek to its junction with Santa Rosa Creek; thence running south parallel with the western line of said rancho to the southern boundary; thence along the southern boundary to a junction with a straight line running northeasterly in a line with two oak trees in the valley, marked and branded and situate in the plain of the Guillicos; thence north seventeen degrees and thirty minutes east from the magnetic meridian, through the aforesaid two oak trees, till reaching the northern boundary of said rancho; thence following the northern boundary of said rancho in a westerly direction to the point of beginning. The above description to be according to a survey made by the county surveyor of Sonoma, in the year 1851, the above-described property being a part of the rancho known as the Guillicos, as granted to Don Juan Wilson in the year A. D. 1837, on the 13th day of November, by Juan B. Alvarado, and duly recorded in the archives of land titles in California, and by the said Don Juan Wilson deeded to William Hood and William Pettit, on the 19th day of June, A. D. 1850, and recorded in the archives of land titles in Sonoma County, book E, page 81."

The plaintiff claimed that the words "southern boundary" in said description meant the *southern boundary* of the rancho wherever it was finally established. The grant was afterwards confirmed and a patent issued by the United States. In 1868, Hood conveyed the Guillicos Rancho to Temple, who, in the same year, conveyed to the defendants

a tract of land described as follows: "Being a part of the
Rancho Los Guillicos, commencing at a point on the south-
westerly boundary-line of said rancho at or near the sum-
mit of "Bennett's Peak," distant about one hundred and
fifty chains from the house of L. Spurr, which point of be-
ginning is determined by the extension thereto of a line
drawn through two oak trees standing in the plains of Los
Guillicos; from thence running south sixteen degrees and
ten minutes west, magnetic, to the initial or point of begin-
ning; thence north sixteen degrees and ten minutes east
about one hundred chains; thence at right angles north sev-
enty-four degrees and fifty minutes west a distance of about
one hundred and twenty chains to the eastern boundary of
the lands of one Wilson; thence south along the eastern
boundary of the lands of said Wilson a distance of about
ninety chains to the southwestern boundary-line of said
Rancho Los Guillicos, and to the southeastern corner of the
said Wilson's land; thence south fifty-two degrees east along
the southwesterly boundary-line of said Rancho Los Guil-
licos to the place of beginning, containing seven hundred
and forty-five acres of land, more or less."

The United States patent had been issued before the
deed to Temple. On the trial, the plaintiff proved that the
southern boundary of the rancho, as surveyed by the
United States and as patented, included the premises in
controversy. The defendant, after the plaintiff rested,
offered to prove that in 1851 Peabody was county surveyor
of Sonoma County, and made a survey of the rancho, and
that by his survey the southern boundary of the rancho was
located about one mile northerly from the southerly boun-
dary as afterwards fixed by the United States survey and
patent, and that the land claimed by the defendants was out-
side the Peabody survey, but within the limits of the United
States survey. The court, on the objection of the plaintiff,
ruled out the testimony.

The plaintiff had judgment, and the defendants appealed.

*H. H. Haight*, for the Appellants.

The court erred in refusing to allow the defendants to es-

tablish, by competent testimony, the facts in regard to the Peabody survey. Such testimony was competent for the purpose of showing the intention and understanding of the parties as to the boundaries of the land conveyed, and would in nowise have contradicted or varied the terms of the deed, or qualified the description of the land. In such case, the authorities are uniform as to the competency of parol testimony. The cases on this point are multitudinous, but we cite only such as are decisive. (*Ferris* v. *Coover*, 10 Cal. 589; *Jenny Lind Co.* v. *Bower*, 11 Cal. 95; *Stanley* v. *Green*, 12 Cal. 148; *Hancock* v. *Watson*, 18 Cal. 137; *Colton* v. *Seavey*, 22 Cal. 496; *Reamer* v. *Nesmith*, 34 Cal. 624; *Piercy* v. *Crandall*, 34 Cal. 334; *Dalby* v. *Booth*, 16 Texas, 564; *Waterman* v. *Johnson*, 13 Pick. 261; *Owen* v. *Bartholomew*, 9 Pick. 526; *Makepeace* v. *Bancroft*, 12 Mass. 469; *Kronenberger* v. *Hoffner*, 44 Mo. 185.)

*Thomas & Pressley*, for the Respondent.

By the COURT:

The court below erred in refusing to allow defendant to prove the fact relating to the Peabody survey. The deed from Hood and Wilson to the Hudsons describes the land conveyed as follows: "Beginning at a point of the Arroyo de los Alamos, where it is crossed by the northern line of the Guillicos Rancho; thence following down the centre of the Alamos Creek to its junction with the Santa Rosa Creek; thence running south parallel with the western line of said rancho to the southern boundary; thence along the southern boundary to a junction with a straight line running northeasterly, in a line with two oak trees in the valley, marked and branded and situate in the plain of the Guillicos; thence north seventeen degrees and thirty minutes east from the magnetic meridian, through the aforesaid two oak trees, till reaching the northern boundary of said rancho; thence following the northern boundary of said rancho in a westerly direction to the point of beginning. The above description to be according to a survey made by the county surveyor of Sonoma, in the year one thousand

eight hundred and fifty-one, the above-described property being a part of the rancho known as the Guillicos, as granted to Don Juan Wilson, in the year A. D. 1837, on the 13th day of November, by Juan B. Alvarado, and duly recorded in the archives of land titles in California," etc.

The clause in the deed, "the above description to be according to a survey made by the county surveyor," etc., clearly and distinctly incorporates into the deed the lines of such survey, if in fact a survey of the Guillicos Rancho was made in the year 1851 by the county surveyor of Sonoma County.

The offer of the defendant was to prove that in the year 1851 Peabody was the surveyor of that county; that he surveyed and ran the line of the Guillicos Rancho in that year, and that the southern line of the rancho as run by him would exclude the lands to which the defendant herein asserts title.

Judgment and order reversed and cause remanded.