[No. 10,674.—In Bank.]
March 2, 1882.

## THE PEOPLE *v.* FRANK P. MORROW.

LARCENY.—CIRCUMSTANTIAL EVIDENCE.—INSTRUCTION.—On the trial the Court gave the jury the following instruction : · "There are two classes of evidence recognized and admitted in courts of justice, upon either of which juries may lawfully find an accused guilty of crime. One is direct or positive testimony of an eye-witness to the commission of the crime, and the other is proof by testimony of a chain of circumstances pointing sufficiently strong to the commission of the crime by the defendant, and which is known as circumstantial evidence. Such evidence may consist of admissions by the defendant, plans laid for the commission of the crime, such as putting himself in position to commit it; in short, any acts, declarations, or circumstances admitted in evidence tending to connect the defendant with the commission of the crime. There is nothing in the nature of circumstantial evidence that renders it any less reliable than other classes of evidence. A man may as well swear falsely to an absolute knowledge of the facts as to a number of facts from which, if true, the facts on which the guilt or innocence depends, must inevitably follow.

" No human testimony is superior to possible doubt, and all that is required, if under the foregoing rules the testimony is sufficient to convince you as reasonable men to a moral certainty and beyond a reasonable doubt, that the defendant committed the act charged in the information, then I charge you it is your duty to convict."

And it was claimed that the forgoing instruction was erroneous, because, in the very nature of things, there is an inherent difference between direct and positive evidence, and circumstantial evidence.

*Held:* The instruction contained a correct statement of the law and was free from legal exception.

ID.—CREDIBILITY OF WITNESS TESTIFYING IN HIS OWN BEHALF.—WEIGHT OF EVIDENCE.—INSTRUCTION.—The Court instructed the jury as follows : " The defendant has offered himself as a witness, on his own behalf, on

this trial, and in considering the weight and effect to be given his evidence, in addition to noticing his manner and probability of his statements, taken in connection with the evidence in the cause, you should consider his relations and situation under which he gives his testimony, the consequences to him relating from the results of this trial and the inducements and stipulations which would ordinarily influence a person in his situation. You should carefully determine the amount of credibility to which his evidence is entitled, if convincing and carrying with it a belief in its truth, to act upon it; if not, you have a right to reject it."

*Held*: The defendant, in a criminal case, testifying in his own behalf, occupies a relation to the case different from that occupied by any other witness. It is only by virtue of a provision of the Code that he is permitted to testify at all, and it is manifest that he labors under the strongest temptation to which any witness could be subjected. It is not error, therefore, for the Court to call the attention of the jury to that circumstance, and we see no error in the instruction complained of. (SHARPSTEIN AND McKEE, JJ. dissenting.)

APPEAL from a judgment of conviction in the Superior Court of Napa County.

*Clara S. Foltz*, for Appellant.

*A. L. Hart*, Attorney General, for Respondent.

MORRISON, C. J.:

The appellant was convicted in the Court below of the crime of grand larceny, and on the argument of the appeal to this Court, two points were relied on, as ground for the reversal of the judgment of the Superior Court.

1. On the trial the Court gave the jury the following instruction:

"There are two classes of evidence recognized and admitted in courts of justice, upon either of which juries may lawfully find an accused guilty of crime. One is direct or positive testimony of an eye-witness to the commission of the crime, and the other is proof by testimony of a chain of circumstances pointing sufficiently strong to the commission of the crime by the defendant, and which is known as circumstantial evidence. Such evidence may consist of admissions by the defendant, plans laid for the commission of the crime, such as putting himself in position to commit it; in short, any acts, declarations, or circumstances, admitted in evidence tending to connect the defendant with the commission of the

crime. There is nothing in the nature of circumstantial evidence that renders it any less reliable than other classes of evidence. A man may as well swear falsely to an absolute knowledge of the facts as to a number of facts from which, if true, the facts on which the guilt or innocence depends, must inevitably follow.

"No human testimony is superior to possible doubt, and all that is required, if under the foregoing rules the testimony is sufficient to convince you as reasonable men to a moral certainty and beyond a reasonable doubt, that the defendant committed the act charged in the information, then I charge you it is your duty to convict."

It is claimed that the foregoing instruction was erroneous, because, in the very nature of things, there is an inherent difference between direct and positive evidence, and circumstantial evidence.

Speaking upon this subject, an eminent writer upon the law of evidence says: "Circumstantial evidence is of two kinds, namely, *certain* or that from which the conclusion in question necessarily follows, and *uncertain*, or that from which the conclusion does not necessarily follow, but it is *probable* only, and is obtained by process of reasoning. Thus, if the body of a person of mature age is found dead, with a recent mortal wound, and the mark of a bloody *left* hand is upon the *left* arm it may well be concluded that the person once lived, and that another person was present at or since the time the wound was inflicted. *So far the conclusion is certain*, and the jury would be bound by their oaths to find accordingly. * * * * In civil cases, it is sufficient if the evidence, on the whole, agrees with and supports the hypothesis which it is adduced to prove: but in criminal cases it must exclude every other hypothesis but that of the guilt of the party. In both cases a verdict may well be founded on circumstances alone ; *and these often lead to a conclusion more satisfactory* than direct evidence can produce."

In the case of the *Commonwealth* v. *Webster*, 5 Cush. 295, Chief Justice Shaw uses the following language:

"The distinction between direct and circumstantial evidence is this: Direct or positive evidence is when a witness can be called to testify to the precise fact which is the subject

of the issue on trial; that is, in a case of homicide, that the party accused did cause the death of the deceased. Whatever may be the kind or force of the evidence, this is the fact to be proved. But suppose no person was present on the occasion of the death, and of course that no one can be called to testify to it, is it wholly unsusceptible of legal proof? Experience has shown that circumstantial evidence may be offered in such a case; that is, that a body of facts may be proved of so conclusive a character as to warrant a firm belief of the fact, quite as strong and certain as that on which discreet men are accustomed to act in relation to their most important concerns. It would be injurious to the best interests of society if such proof could not avail in judicial proceedings. If it was necessary always to have positive evidence, how many criminal acts committed in the community, destructive of its peace and subversive of its order and security, would go wholly undetected and unpunished?

"The necessity, therefore, of resorting to circumstantial evidence, if it is a safe and reliable proceeding, is obvious and absolute. Crimes are secret. Most men, conscious of criminal purposes, and about the execution of criminal acts, seek the security of secrecy and darkness. It is, therefore, necessary to use all other modes of evidence besides that of direct testimony, provided such proofs may be relied on as leading to safe and satisfactory conclusions; and, thanks to a beneficent Providence, the laws of nature and the relations of things to each other are so linked and combined together, that a medium of proof is often thereby furnished, *leading to inferences and conclusions as strong as those arising from direct testimony.*

"On this subject, I will once more ask attention to a remark in the work already cited—'East's Pleas of the Crown' (Ch. 5, Sec. 11): 'Perhaps,' he says, 'strong circumstantial evidence, in cases of crimes like this, committed for the most part in secret, is the most satisfactory of any from whence to draw the conclusion of guilt; for men may be seduced to perjury by many base motives, to which the secret nature of the offense may sometimes afford a temptation; but it can scarcely happen that many circumstances. especially if they be such

over which the accuser could have no control, forming together the links of a transaction, should all unfortunately concur to fix the presumption of guilt on an individual, and yet such a conclusion be erroneous.'"

The case of the *People* v. *Videto*, 1 Parker's Criminal Reports, 603, is to the same effect, and it is there said that "circumstantial evidence is admissible both in civil and criminal cases, and in prosecutions, for some of the worst species of crimes, is often the most satisfactory and convincing that can be produced."

The remarks of Mr. Justice Park, in his charge to the jury in the case of *The King* v. *John Thurtell*, 2 Wheel. Crim. Cas. 461, are cited with approval in the case of *People* v. *Cronin*, 34 Cal., 203, and are very forcible. He said: "The eye of Omniscience can alone see the truth in all cases: circumstantial evidence is there out of the question: but clothed as we are with the infirmities of human nature, how are we to get at the truth without a concatenation of circumstances? Though in human judicature, imperfect as it must necessarily be, it sometimes happens, perhaps in the course of one hundred years, that in a few solitary instances, owing to the minute and curious circumstances which sometimes envelop human transactions, error has been committed from a reliance on circumstantial evidence; yet this species of evidence, in the opinion of all those who are most conversant with the administration of justice and most skilled in judicial proceedings, is much more satisfactory than the testimony of a single individual who swears he has seen a fact committed."

Chief Justice Gibson charging a jury in a capital case, said, that "circumstantial evidence is, in the *abstract*, nearly, though perhaps not altogether, as strong as positive evidence; in the concrete it may be infinitely stronger." (*Com.* v. *Harman*, 4 Barr., 269.) And Chief Justice Whitman of Maine, in the case of *State* v. *Thomas*, 6 Law. Rep., 64, said that "circumstantial evidence is often stronger and more satisfactory than direct, because it is not liable to delusion or fraud."

It is unnecessary to add any more authorities in support of the instruction complained of. In our opinion it contained a correct statement of the law, and was free from legal exception.

2. The second point is made upon the following instruction, which, it is claimed, on behalf of defendant, was erroneous:

"The defendant has offered himself as witness, on his own behalf, on this trial, and in considering the weight and effect to be given his evidence, in addition to noticing his manner and probability of his statements, taken in connection with the evidence in the cause, you should consider his relations and situation under which he gives his testimony, the *consequences* to him relating from the results of this trial and the *inducements* and stipulations which would ordinarily influence a person in his situation. You should carefully determine the amount of credibility to which his evidence is entitled; if convincing and carrying with it a belief in its truth, to act upon it; if not, you have a right to reject it."

The foregoing instruction was copied from an instruction given in the case of *People* v. *Cronin*, (*supra*), and the Supreme Court, in the Cronin case, held it to be correct. In that case the same objection was made to the instruction that is made here. There it was contended that the Judge made an assault upon the defendant's evidence, singling it out and making it figure as a pointed and prominent part of the charge. (See also, *People* v. *Nichols*, 34 Cal. 211.)

The defendant, in a criminal case, testifying in his own behalf, occupies a relation to the case different from that occupied by any other witness. It is only by virtue of a provision of the Code that he is permitted to testify at all, and it is manifest that he labors under the strongest temptation to which any witness could be subjected. It is not error, therefore, for the Court to call the attention of the jury to that circumstance, and we see no error in the instruction complained of. The case of *The People* v. *Cronin, supra,* was determined nearly fifteen years ago, and in respect to the point now being considered, its authority has not been shaken by any subsequent decision. We see no reason to disturb it now.

The judgment is affirmed.

ROSS; MYRICK, and THORNTON, JJ., concurred.

SHARPSTEIN J., dissenting:

I dissent. The Code provides that on all proper occasions the jury shall be instructed: "That their power of judging

of the effect of evidence is not arbitrary, but to be exercised with legal discretion and in subordination to the rules of evidence." (C. C. P. 2,061.)

I know of no rule of evidence by which a jury would be authorized to reject the evidence of a witness because it was not convincing, and did not carry with it a belief in its truth. If convinced that it was untrue the right to reject it would be clear. But there is a substantial difference between evidence that fails to convince and to carry with it a belief in its truth and that which carries with it a belief in its falsity. If satisfied that it was false the jury might properly reject it. Otherwise it should have been considered in connection with the other evidence. If the evidence of the defendant was favorable to himself, and convincing, and carried with it a belief in its truth, no other evidence would have been required to establish his innocence. I do not think that any witness is required to inspire in the minds of the jury such implicit confidence in the accuracy of his evidence as this instruction requires in order to have it considered in connection with the other evidence in the case. The jury had no more right to reject the evidence of the defendant on that ground than it would have to reject the evidence of any other witness on that ground. The law does not require that a defendant's evidence shall be more convincing than that of any other witness to entitle it to consideration.

The other instruction, though less objectionable than the one which I have noticed, was, I think, more likely to mislead than to aid the jury in any attempt it might make to distinguish between the two classes of evidence referred to.

I therefore think that the judgment should be reversed.

MCKEE, J.:

I dissent. Although the last instruction, as set forth in the prevailing opinion, has been approved in the case of *The People* v. *Cronin,* it is, in my judgment, not law.

In the case in hand, the defendant had testified in his own behalf; and the jury were told, substantially, not to act upon his testimony, unless it was convincing and carried with it a belief in its truth. Such an instruction as to the testimony of any other witness would not be upheld, and yet a defend-

ant as a witness in his own behalf is entitled to the same right as any other witness to have his testimony weighed and considered by the jury in connection with the facts and circumstances of the case. To tell a jury that they are not to act at all upon the testimony of a witness, unless it produces conviction in their minds, is to take away from them all discretion of judging whether part of the testimony may be true, and part of it untrue, or how far any of it may be corroborated by any other testimony, or by the facts and circumstances of the case.

Of course, if the defendant's testimony or, indeed, the testimony of any other witness, satisfies the minds of the jurors of its truth, that would be conclusive of the facts established by it. Being convincing, the jurors are bound by it. But it may be less than convincing, and yet not absolutely false. It may be true in part and untrue in part. Some of it may be corroborated by the testimony of other credible witnesses, or by some of the facts and circumstances developed by their testimony. If so, a jury would have no right to disregard the testimony. A jury is not bound to take the whole of the testimony of any witness. His statement may not be convincing: that is rarely attainable in judicial proceedings. But it is the duty of the jury to weigh the testimony, and if any part of it is corroborated by other credible witnesses it is entitled to due consideration in connection with the probabilities of the case. Otherwise the privilege of being sworn as a witness in his own behalf is, to a defendant, a mockery.