---

[No. 20,039. In Bank.—January 14, 1885.]
## THE PEOPLE, RESPONDENT, v. SPENCER SWIFT, APPELLANT.

MURDER — MANSLAUGHTER—INSTRUCTIONS.—In a prosecution for murder, an *erroneous instruction as to what is necessary* to reduce an unlawful killing from murder to manslaughter will not warrant a reversal, if the defendant was only convicted of manslaughter. In such case he could not have been prejudiced by the instruction.

APPEAL from a judgment of the Superior Court of Colusa County.

The defendant was convicted of manslaughter, under an information charging him with murder. The facts are stated in the opinion of the court.

*T. J. Hart,* for Appellant.

*Attorney General Marshall,* for Respondent.

The COURT.—The defendant was prosecuted by information, filed in the Superior Court of Colusa county, for the crime of murder, and on the trial was convicted of manslaughter. The case comes before us on the judgment roll, and the only point made on the appeal is, as to the correctness of an instruction given by the court to the jury. The instruction complained of is as follows:

"When it is proved or admitted that an unlawful homicide has been committed, and an effort is made to reduce it to manslaughter by showing the absence of malice, in that case, to negative the idea of malice and reduce an unlawful homicide to manslaughter, where it is claimed to have been committed upon a heat of passion, the passion must not only be sudden, but also upon a reasonable provocation; it must proceed from what the law accepts as an adequate cause, and the killing must in fact proceed from it, and not from independent malice; otherwise, it will not reduce the felonious killing to manslaughter.

"Reasonable provocation or adequate cause is some such insult, injury, or other provocation as would be sufficient to excite an irresistible passion in a person, one of ordinary self-control; such provocation as during the sudden passion renders a reasonable man deaf to the voice of reason, so that, although the act done was intentional of death, it was not the result of malignity of heart, but imputable to human infirmity."

It is unnecessary for us to pass upon the foregoing instruction. The defendant was convicted merely of the crime of manslaughter, and therefore could not have been injured by the instruction.

Judgment affirmed.