[No. 20073. In Bank.—August 26, 1885.]

## THE PEOPLE, RESPONDENT, v. JAMES O'NEAL, APPELLANT.

CRIMINAL LAW—INSTRUCTION—IMMATERIAL ERROR.—In a trial for murder an erroneous instruction to the effect that a certain act would constitute murder in the second degree, whereas it might amount to manslaughter only, is immaterial if the defendant is convicted of murder in the first degree.

ID.—DEFENDANT AS A WITNESS ON HIS OWN BEHALF.—The defendant having testified as a witness on his own behalf, the court instructed the jury in effect that in determining the weight to be given to his testimony, they must consider the circumstances under which he testified, the consequences to him from the result of the trial, and all the inducements and temptations which would ordinarily influence a person in his situation. Held, that the instruction was proper.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—The defendant moved for a new trial, and one of the grounds of the motion was newly discovered evidence, which consisted of certain letters written by the defendant and by the sheriff of the county in which he was convicted. The letters were relied on as tending to prove the insanity of the defendant. Held, that the motion was properly denied.

APPEAL from a judgment of the Superior Court of the county of Sierra, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*F. D. Soward*, and *M. Farley*, for Appellant.

*Attorney-General Marshall*, and *Stanley A. Smith*, for Respondent.

MORRISON, C. J.—The defendant was tried and convicted of the crime of murder in the first degree, and sentenced to be hanged.

The first point made on his behalf on the appeal is that the court erred in giving the jury the following instruction:—

"The unlawful killing must be with the clear intent to take life in order to constitute murder in the first degree. It must be formed upon a pre-existing reflection, and not upon a sudden heat of passion sufficient to preclude the idea of deliberation, for when there is a want of deliberation it is murder in the second degree." The criticism on the foregoing instruction is on the latter part of it, that is to say, it is claimed that the court erred in telling the jury that "when there is a want of deliberation it is murder in the second degree," as the crime under such circumstances might amount to manslaughter only, and not to murder in the second degree. But conceding for the purpose of the argument that the instruction was erroneous in the concluding part of it, the defendant was not prejudiced thereby, as the verdict of the jury was for murder in the first degree. It matters not therefore in the present case, whether a homicide committed without deliberation is murder in the second degree or manslaughter only. (*People* v. *Swift*, 66 Cal. 348.)

The next alleged error complained of, is that the court erred in giving the following instruction : —

"The defendant has offered himself as a witness on his own behalf on this trial, and in considering the weight and effect to be given his evidence, in addition to noticing his manner and the probability of his statements taken in connection with the evidence in the cause, you should consider his relation and the situation under which he gives his testimony, the consequences to him relating from the result of this trial, and all the inducements and temptations which would ordinarily influence a person in his situation. You should carefully determine the amount of credibility to which he is entitled. If convincing and carrying with it a belief in its truth, act upon it; if not, you have a right to reject it." The foregoing instruction, or one to the same effect, has been considered and approved in several cases, one as early as *People* v. *Cronin*, 34 Cal. 195, and another as late as *People* v. *Morrow*, 60 Cal. 147. But independent of any authoritative decision on the point, we think the instruction correct in principle, as was said by the court in the case of *People* v. *Morrow*: "It is only by virtue of a provision of the Code that he (the defendant) is permitted to testify at all, and it is

manifest that he labors under the strongest temptation to which any witness could be subjected." (60 Cal. 147.)

There is but one other point in the case deserving of notice, and that is that the court should have granted a new trial on the ground of newly discovered evidence. This alleged new evidence consists of letters written by the defendant since the homicide, and a letter written by the sheriff of Sierra County. It is claimed that this evidence tends to establish the insanity of the defendant, and it is true that the defendant's letters are very incoherent, and the sheriff expresses the opinion that the defendant is not insane but is of weak mind. We do not think that these letters by any means establish the insanity of the defendant, or that they constituted legal ground for granting him a new trial. No evidence was introduced on the trial tending to establish the insanity of the defendant, and that question was not properly before the court. The defendant was examined at great length as a witness in the case, and there is nothing in his evidence to indicate to the court that he was insane, or to make it the duty of the court to try the question of his sanity under section 1368 of the Penal Code.

Judgment and order affirmed.

MYRICK, J., THORNTON, J., McKINSTRY, J., and ROSS, J., concurred.