[No. 1308.]

THE STATE OF NEVADA, RESPONDENT, *v.* S. M. STREETER, APPELLANT.

CRIMINAL LAW — CORROBORATION OF ACCOMPLICE — EVIDENCE. — The evidence to corroborate the testimony of an accomplice, as required by section 365 of the criminal practice act (Gen. Stat. 4245) is sufficient if it tends to connect the defendant with the commission of the offense.

IDEM—INCEST.—The testimony in this case reviewed: *Held,* sufficient to corroborate the testimony of the prosecuting witness in a case of incest. (See opinion.)

IDEM—REASONABLE DOUBT.—The instructions in this case upon the subject of reasonable doubt were identical with those given in *State* v. *Potts,* *ante,* and same ruling applied.

IDEM — WEIGHT TO BE GIVEN TO DEFENDANT'S TESTIMONY — INSTRUC-
TIONS.—The court did not err in instructing the jury that in consider-
ing the weight and effect to be given to the defendant's evidence the
jury should, in addition to noticing his manner and the probability
of his statement taken in connection with the evidence in the case,
"consider his relation and situation under which he gives his testi-
mony, the consequences to him relating from the result of this trial,
and all the inducements and temptations which would ordinarily
influence a person in his situation; you should carefully determine
the amount of credibility to which the evidence is entitled; if convincing
and carrying with it a belief in its truth, act upon it; if not you have a
right to reject it."

OBJECTIONS TO QUESTIONS — WHEN IMMATERIAL. — Objections to ques-
tions asked a witness, and ruled out by the court, become immaterial,
and will not be considered in the appellate court, where it affirmatively
appears that the witness was afterwards allowed to answer questions of
the same import.

APPEAL from the District Court of the State of Nevada, Elko
County.

R. R. BIGELOW, District Judge.

The facts sufficiently appear in the opinion and head notes.

*J. W. Dorsey* and *J. A. Plummer*, for Appellant.

I.    The testimony in this case introduced as corroborative of the
testimony of the prosecuting witness, is wholly insufficient to con-
nect the defendant with the commission of the offense.    (Testimony
reviewed.)

The necessity of corroboration, and the character and extent
of such corroboratory evidence, is the subject of statutory law in
this state.    (Gen. Stat 4245.)    The law goes to the full extent of
requiring the corroboratory evidence of itself, and without reference
to the testimony of the accomplice, to connect the defendant with
the commission of the offense —the very thing for doing which
the prisoner stands indicted.    Corroboration as to time, place, and
circumstances of the transaction is insufficient.    (*Childers* v. *State,*
52 Ga. 106; *Hammack* v. *State,* 52 Ga. 397; *Middleton* v. *State,* 52
Ga. 527.)

II.    The statute applies not only to accomplices, in a techni-
cal sense, but to all witnesses who were *particeps criminis*
whether as principals or accessories.    The term accomplice is
not used in the restricted or technical sense.    (*Ervin* v. *State,*
1 Tex. App. 301; *Kelly* v. *State,* 1 Tex. App. 629; *Roach* v. *State,*

4 Tex. App. 46; *Hamilton* v. *State*, 26 Tex. App. 206; *Davis* v. *State*, 2 Tex. App. 588; *Boyd* v. *State*, 24 Tex. App. 570; 5 Am. St. Rep. 908.)

III. The court erred in giving the instruction in relation to the weight and effect to be given the evidence of the defendant. (*Hartford* v. *State*, 96 Ind. 461; *Pratt* v. *State*, 56 Ind. 179; *Greer* v. *State*, 53 Ind. 420; *Unruh* v. *State*, 105 Ind. 123; *Bird* v. *State*, 107 Ind. 154.) The imperative instruction of the court was a direct invasion of the province of the jury.

IV. The court erred in sustaining objections to the following questions, asked upon the cross-examination of Ida Gardner: (1) "Did your husband write to you and tell you that he wanted you to stand in and help to cinch the old man—referring to Mr. Streeter, your father?" (2) "You are now testifying on this stand, and you have appeared as a witness, haven't you, because, and only because, you have been told to do it by your husband?" (*State* v. *Cooper*, 83 Mo. 698; .1 Whar. Ev., Secs. 408, 544, 547, 549, 561; Greenl. Ev. 450; *State* v. *Reeves*, 97 Mo. 668; 10 Am. St. Rep. 349.

*John F. Alexander*, Attorney-General, for Respondent.

I. The cases cited by appellant have no application to this case.

II. The preponderance of authority in this country is that a jury may convict a prisoner on the testimony of an accomplice alone, though the court may, at its discretion, advise them to acquit, unless such testimony is corroborated on material points. (1 Whar. Crim. Law, 783; *People* v. *Gibson*, 53 Cal. 601; *Johnson* v. *State*, 65 Ind. 269; *Ulmer* v. *State*, 14 Ind. 52; *State* v. *Wart*, 51 Iowa, 587; *People* v. *Rolfe*, 61 Cal. 541; *People* v. *Cochran*, 61 Cal. 549; *State* v. *Chapman*, 6 Nev. 320; *State* v. *Lambert*, 9 Nev. 321; *Hamilton* v. *People*, 29 Mich. 178; *Linsday* v. *People*, 63 N. Y. 143.)

By the Court, MURPHY, J.

The appellant was convicted of incest. It is claimed that the evidence is insufficient to support the verdict of the jury, in this: that the testimony of the prosecuting witness is uncorroborated, and that, therefore, a conviction was improperly had, relying upon the statutory provision. Section 4245, Gen. Stat. Nev. reads: " A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence

as shall tend to connect the defendant with the commission of
the offense; and the corroboration shall not be sufficient if it
merely shows the commission of the offense, or the circum-
stances thereof."

Upon an examination of the transcript, it appears therefrom
that there was some evidence tending to corroborate the accom-
plice.    Defendant was in the habit of taking the prosecuting
witness with him to the River ranch, and there remaining over
night, and on one occasion they occupied the same bed, in the
presence of the witnesses, Neely and Dakin.    He admits these
facts.   He also admits the fact that his attention was called to
the condition of his daughter, and that he took her to San
Francisco and placed her in St. Mary's hospital, where she
gave birth to a child, after which he sent her to Iowa by the
southern route.    She was brought from Iowa by the sheriff of
Elko county.    While she was at the hospital awaiting confine-
ment, she wrote to her sister, in this state, charging that their
father was the one who had committed the crime.    Publicity
appears to have been given to the accusation, and, several
months before the finding of. the indictment, persons acting in
behalf of the defendant persuaded her to make an affidavit,
fully denying the charge, and also to copy and sign a letter to
the same effect, drawn in the interest of defendant, and ad-
dressed to this same sister who was present at the time of
writing and signing the letter.    It may be said of this circum-
stance, as well as each of the others, that it does not of itself ne-
cessarily tend to establish guilt, and it is true that an inno-
cent father might have done any of these things; but taken as
a whole, these circumstances form a combination tending to
connect defendant with the commission of the offense.    The
court instructed the jury that a conviction could not be had
upon the testimony of an accomplice alone, without corrobora-
tion.    All that the statute requires is that the circumstances
should be such as to convince the jury; such as to induce them
to believe that the accomplice had sworn truly and that the
charge was true.    If the jury are satisfied with the weight of
the corroborating circumstances, it is enough.    The jury may
disregard the testimony of an accomplice, or of any other witness
who admits that he has previously made other and different
statements, or has sworn to a different state of facts from that
which he testifies to on the witness-stand, yet they are not

bound to do so. They may give to the testimony of the witnesses such credit as, in view of all the circumstances, including any corroborating testimony that may have been introduced, they may deem it entitled to.

Mr. Justice Whitman, in the case of *State* v. *Chapman*, 6 Nev. 325, said: "How much the weight of this evidence may be is not for this court to decide. It is evidence tending to a statutory corroboration, considered by the jury sufficient." In the case of *People* v. *Cloonan*, 50 Cal. 450, the court said: "It is sufficient, if it tends to connect the defendant with the commission of the offense." To the same effect are the cases of *People* v. *Townsley*, 39 Cal. 405; *People* v. *Clough*, 73 Cal. 351. In the case of *State* v. *Miller*, 65 Iowa, 63, the court said: "But it is for the jury to weigh and determine the effect of such evidence and its sufficiency; and each cause must be determined upon its own facts, because, in the nature of things, the corroboration cannot be the same in any two cases." In New York, where they have a statute similar to ours, all that is required is some other evidence fairly tending to connect the defendant with the commission of the crime charged, so that the conviction will not rest entirely upon the evidence of the accomplice. ' The question as to whether the evidence is sufficient corroboration is for the determination of the jury. (*People* v. *Ogle*, 104 N. Y. 513; *People* v. *Everhardt*, 104 N. Y. 594; *People* v. *Elliott*, 106 N. Y. 292.) In the case of *Roberts* v. *State*, 55 Ga. 221, the court said: "If they, (meaning the jury,) found he was an accomplice, still there is, in our judgment, sufficient evidence to corroborate the witness. He (the defendant) had access to the store of Jack, delivered coke. * * * At all events, the two questions, whether he was an accomplice, and, if so, whether he was supported by other evidence, were fairly submitted to the jury; and if they found, either that he was not an accomplice, or that he was supported, if an accomplice, the verdict is sustained. * * * They might have found the latter, for there are circumstances, though slight, tending to corroborate Fain's evidence." The case of *Hammack* v. *State*, 52 Ga. 402, cited by appellant, sustains the views herein expressed. In *Childers* v. *State*, Id. 106, and the case of *Middleton* v. *State*, Id. 527, there was neither testimony nor circumstances to connect the parties with the commission of the of-

fenses but the contrary. In the Childers case the mother
testified that he was at home and in bed at the very time
that the robbery was said to have been committed. None
of the other defendants attempted to implicate Childers, except
Lee. In the Middleton case there was not a circumstance to
connect him with the murder, except the statement of Thurman,
uncorroborated. In the case of *Bell* v. *State*, 73 Ga. 572, the
court said: " While a conviction cannot be had upon the
uncorroborated evidence of an accomplice,    *    *    *    yet it is
impracticable to lay down any rule as to the precise amount of
evidence which is requisite to sustain the accomplice's account,
*    *    *    further than that there must be other evidence sufficient
to satisfy the jury of the fact."

The statements of an accomplice should be received with great
caution, and the court, as the court did in this case, should always
so advise; yet if the testimony of the accomplice obtains full credit
with the jury, and they are fully convinced of its truth, any fact or
circumstance which tends to corroborate is admissible, and
complies with the statute. The case under consideration
is much stronger than several of the above-mentioned cases
in which convictions were had. The uncontradicted tes-
timony shows that there was but one bed at the River ranch dur-
ing the time that this cohabitation is alleged to have taken place;
that one night, at least, father and daughter occupied the same
bed. The night in question Neely and Dakin came to the
ranch. Asked permission to remain over night. The defend-
ant spoke to the daughter and said, " Well, Maud, I guess we
can spare them the buffalo robes;" and Maud answered, " Yes."
The bed for the travelers was made on the floor of the cabin,
and consisted of a horse blanket, buffalo robe, and an over-
coat. There was no other bedding in the house except that
on the bed occupied by the defendant and his daughter,
and it is fair to presume, from the above facts, (and
the jury must have come to that conclusion,) that the
defendant and his daughter intended to occupy the same
bed at the River ranch that night; therefore they were not pro-
vided with any extra bedclothes. Ida Gardner testified that
during the months of December, 1887, and January, 1888, her
father kept stock at the River ranch. He would go there two
or three times a week to feed them. That either Maud or her-

self would accompany him. That there was but one bed in the cabin at the River ranch, and he never used to take any extra bedclothes.

Appellant assigns as error the giving of the instructions defining "reasonable doubt," claiming that they are conflicting. We had occasion to pass upon the same question in the case of *State* v. *Potts, ante,* 389, decided at this term. We there held that the instruction complained of, when read in connection with the statutory definition of "reasonable doubt," was not a reversible error. The same rule will apply in this case.

The court did not err in giving the instruction as to the weight and effect to be given to the defendant's evidence. This instruction was given and approved of in the case of *People* v. *Cronin,* 34 Cal. 195, and has been approved of in the following cases: *State* v. *Hymer,* 15 Nev. 54; *People Morrow,* 60 Cal. 147; *People* v. *Wheeler,* 65 Cal. 78; *People* v. *O'Neal,* 67 Cal. 379; *People* v. *Knapp,* 71 Cal. 10; *State* v. *Sterrett,* 71 Iowa, 388; *Bressler* v. *People,* 117 Ill. 439; and in a number of other states. The instruction does not invade the province of the jury. It leaves it to them to determine what credit should be given to the defendant's testimony, after considering all the facts in the case. The rulings of the court sustaining objections to certain questions propounded to the witness Ida Gardner for the purpose of showing her *animus* towards the defendant are also assigned as error. The rulings, however, are immaterial and unnecessary to be considered, for the reason that the witness was afterwards allowed to answer questions of the same import, and by her answers fully established her sympathy with the prosecution. The evidence in this case justifies the verdict. The corroborating circumstances are sufficient to convince the minds of a jury of the guilt of the defendant. Judgment affirmed.