[Crim. No. 254. Second Appellate District.—September 20, 1912.]

## THE PEOPLE, Respondent, v. LESTER RUSSELL, Appellant.

CRIMINAL LAW—MANSLAUGHTER—APPEAL—CLAIM THAT WOUNDS DID NOT CAUSE DEATH—OBJECTION TO INSTRUCTION—ABSENCE OF PREJUDICE.—Where a defendant charged with murder, convicted of manslaughter, urged upon appeal that the wounds inflicted did not cause the death, but that it was caused by neglect of medical attention, and objected that a certain instruction which assumed that the wounds caused the death was highly prejudicial, it is held sufficient to reply that the same identical instruction was given at defendant's request, and that he could not be prejudiced by the instruction complained of.

ID.—INSTRUCTION DEFINING "WILLFULLY" UNPREJUDICIAL.—An instruction defining the word "willfully," when applied to the intent with which an act is done, and stating that it does not require any intent to violate the law, or to injure another, is correct under subdivision

1 of section 7 of the Penal Code; and if it were improper, as being uncalled for, it could not prejudice the defendant's rights.

ID.—INSTRUCTION AS TO DISTRUST OF WITNESS "FALSE IN ONE PART OF TESTIMONY."—An instruction embodying the declaration in subdivision 3 of section 2061 of the Code of Civil Procedure, that "a witness false in one part of his testimony is to be distrusted in others," which is unobjectionable in form, is correct, and not only states a principle declaring a rule by which jurors should be guided in considering the evidence, but also "applies to that class of instructions which contain only mere commonplace matters, that the jurors would be apt to know about and act upon in the absence of instructions," and the giving or refusing of such instruction cannot be reversible error.

ID.—EVIDENCE—KNIFE USED IN CUTTING DECEASED—DEADLY WEAPON— QUESTION OF FACT FOR JURY—ERRONEOUS INSTRUCTION NOT PREJUDICIAL.—Where the knife used in cutting the deceased was admitted in evidence, the question whether it was a deadly weapon was one of fact for the jury, and the court erred in instructing them that it was a deadly weapon; yet, inasmuch as the defendant was not charged with using a deadly weapon, but was charged with murder, and convicted of manslaughter, such erroneous instruction could not be prejudicial to the defendant's rights.

ID.—ERROR IN INSTRUCTIONS AS TO MURDER NOT PREJUDICIAL.—The defendant having been acquitted of murder, and convicted only of manslaughter, any possible error in the instructions relating to the charge of murder could not prejudice the defendant under the circumstances appearing.

ID.—PROPER INSTRUCTIONS AS TO MANSLAUGHTER—SEPARATE INSTRUCTION AS TO SELF-DEFENSE.—Where the court gave proper instructions relating to the crime of manslaughter, such instructions are not objectionable as not involving the question of self-defense, where the court separately gave a correct instruction on the question of justifiable killing in self-defense, in view of apparent imminent danger of great bodily injury, such as would induce a reasonable person so to act.

ID.—CORRECTNESS OF CHARGE AS A WHOLE.—The charge of the court is to be considered as a whole, and it is held that, so considered, it not only covers every possible theory which could be based on the evidence, but also contains nothing calculated to prejudice the substantial rights of the defendant, and that alleged errors in refusing instructions which are fully and fairly covered by the charge are not prejudicial.

ID.—EVIDENCE OF VOLUNTARY STATEMENT OF DEFENDANT TO CHIEF OF POLICE.—The court properly admitted in evidence, over defendant's objection, a voluntary statement made by him to the chief of police;

and where the statement did not constitute a confession, but included facts favorable to the defendant, the admission thereof in evidence was without prejudicial error.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—Defendant was charged by information with the crime of murder. Upon trial he was convicted of manslaughter. He appeals from the judgment and an order of court denying his motion for a new trial.

On February 12, 1912, defendant and one Ernest Besson engaged in an unfortunate controversy over the payment of one dollar due from the defendant to the latter. A fist fight followed, during which defendant used a knife upon Besson, inflicting four wounds, one of which, as found by the jury, caused his death, which occurred eight days later.

The record discloses evidence tending to prove defendant's guilt. Indeed, we do not understand counsel to question the sufficiency of the evidence to justify the verdict, his discussion thereof being for the purpose of showing the prejudicial character of numerous alleged erroneous rulings of the court, both in giving and refusing to give certain instructions. The instructions given by the court of its own motion, including those requested, a large part of which were given, cover some forty-two pages of typewritten matter; hence, whatever may be said as to the fairness of the court's charge, it cannot be said the jury were not fully instructed.

1. Appellant insists that the death of deceased followed, not as a direct result of the wounds themselves, but was caused by the want of proper medical attention. Upon this theory it is argued that instruction No. 4, inasmuch as it assumed that the wounds caused his death, was highly prejudicial to defendant's rights. Without entering into a discussion as to the effect of the instruction, it is sufficient to say that the court,

at defendant's request, gave an instruction *in haec verba* identical with that of which he here complains. Under the circumstances his rights could not have been prejudiced by reason of the alleged erroneous ruling.

2. Complaint is made that the court instructed the jury that the word "willfully," when applied to the intent with which an act is done, does not require any intent to violate the law or injure another. Not only did the court define the term in the language of the statute (Pen. Code, sec. 7, subd. 1), but conceding that the giving of the instruction was erroneous by reason of being uncalled for, it is impossible to perceive how it could in any manner have prejudiced defendant's rights.

3. It has been repeatedly held that the ruling of a court in giving or refusing to give an instruction embodying the declaration (Code Civ. Proc., sec. 2061, subd. 3), that "a witness false in one part of his testimony is to be distrusted in others," does not constitute reversible error. The form of the instruction complained of, as a whole, is unobjectionable and not only states a principle of law declaring a rule by which jurors should be guided in considering the evidence, but "applies to that class of instructions which contain only mere commonplace matters that the jurors would be apt to know about and act upon in the absence of instructions." (*People v. Corey*, 8 Cal. App. 728, [97 Pac. 907]; *People v. Hower*, 151 Cal. 638, [91 Pac. 507]; *People v. Grill*, 151 Cal. 597, [91 Pac. 515].)

4. As to whether or not the knife, admitted by defendant to have been used by him in cutting deceased, was a deadly weapon was a question of fact to be determined by the jury. (*State v. Drumm*, 156 Mo. 216, [56 S. W. 1086]; *People v. Fuqua*, 58 Cal. 247.) Hence, the court erred in telling the jury that the knife so introduced was a deadly weapon. Defendant, however, was not charged with an assault with or otherwise using a deadly weapon, and therefore, while there was no occasion for instructing the jury upon the subject at all, nevertheless, under the circumstances shown, it is clear that defendant's rights were not prejudiced by reason of the ruling.

5. The court gave a number of instructions based upon the prosecution's theory of the case, stating that certain acts, if

19 Cal. App.—48

committed under the circumstances named, would constitute the crime of murder, all of which are attacked as erroneous by appellant. Inasmuch, however, as the jury, in acquitting defendant of the crime of murder, found that he did not commit the acts, it is apparent that, conceding the giving of the instruction to have been erroneous, defendant was in no way prejudiced by the rulings. (*People* v. *Besold,* 154 Cal. 363, [97 Pac. 871]; *People* v. *O'Neal,* 67 Cal. 379, [7 Pac. 790].)

6. The court instructed the jury to the effect that when persons engage in a fist fight, the blows passing between them being unlikely to occasion death, if death ensues it is manslaughter; and that if persons meet originally on fair terms and, blows having been interchanged, one in the heat of passion draws a deadly weapon and inflicts a deadly injury, it is manslaughter. Defendant attacks these instructions upon the ground that they omit the element of self-defense, a right which it is claimed may be invoked at any time by the one who finds himself in imminent danger of great bodily injury. Conceding the correctness of appellant's contention, the objection is fully answered by an instruction given as follows: "You are instructed that if the circumstances in this case were such as to induce a reasonable person in defendant's position to believe that he was in imminent danger of great bodily injury, and that the defendant did then believe that such danger existed, or reasonably appeared to exist, at the very time that he stabbed Ernest Besson, then he was justified in killing the said Ernest Besson, and you should acquit him."

7. We have carefully examined appellant's objections to other instructions given, but find no error in the rulings of the court thereon. The charge must be considered as a whole, and so considered it not only covers every possible theory which could be based upon the evidence, but contains nothing calculated to prejudice the substantial rights of defendant.

8. An examination of the alleged errors due to the refusal of the court to give certain instructions requested by defendant shows that where such instructions constituted a correct exposition of the law the subject was fully and fairly covered by the charge given.

9. Defendant objected to the admission in evidence of statements made to the chief of police upon the ground that such statements were not voluntary. The objection was overruled

and the ruling is assigned as error. The statements were made in the absence of any promise or threat, and were therefore voluntary. Moreover, they did not constitute a confession, but were statements of facts favorable rather than otherwise to defendant. The ruling was without prejudicial error. (*People* v. *Weber,* 149 Cal. 325, [86 Pac. 671]; *People* v. *Stokes,* 5 Cal. App. 205, [89 Pac. 997].) Other assignments of error based upon rulings of the court in admitting and excluding evidence are likewise without merit.

As disclosed by the record, the case is an unfortunate one where the youth of the defendant, coupled with his conceded good reputation as a peaceful, quiet citizen, strongly appeals to the writer; but in the exercise of the functions of this court we are unable, with the assistance of able counsel appointed by the court to defend him, to find any prejudicial error in the record which would justify the court in making an order setting aside the verdict of the jury, which recommended him to the mercy of the court.

The judgment and order are affirmed.

Allen, P. J., and James, J., concurred.