[Civ. No. 1821.   First Appellate District.—June 3, 1916.]

## FRANK H. POOR, Respondent, v. W. P. FULLER & CO. (a Corporation), Appellant.

NEGLIGENCE—FALL OF BOX FROM CHUTE—KNOWLEDGE OF DANGEROUS PLACE OF WORK—PLEADING.—In an action to recover for injuries received from being hit on the back of the hand by a large box falling from a wooden chute which ran from the second to the first floor of defendant's warehouse, while the plaintiff was standing at the foot of the chute catching boxes as they descended thereon, it is not necessary that the complaint allege directly or by implication that the defendant knew or ought to have known of the alleged defects of the place assigned to the plaintiff to work, where it is alleged that the defendant negligently and carelessly, and without due care, directed the plaintiff to work at a place or with an appliance that was not safe.

ID.—EVIDENCE—CAUSE OF BOX LEAVING CHUTE—OPINION OF PLAINTIFF.—In such an action there is no error in permitting the plaintiff to give his opinion as to what caused the box to fly off the chute and fall, where the answer of the witness shows that it was his theory that it was due to the bad condition of the chute rather than as to the way the boxes were dropped into it.

ID.—CONDITION OF CHUTE.—Testimony that on a prior occasion the chute had shifted and that about fifteen minutes after the accident the legs of the chute were in bad condition, is admissible for the purpose of showing its condition at the time of the injury.

ID.—DUTY TO FURNISH SAFE PLACE TO WORK—PROPER INSTRUCTIONS.— In such an action instructions are properly given to the effect that it was the duty of the employer to furnish his employees with a reasonably safe place to work, and with reasonably suitable and safe structures and appliances with which to do the assigned work.

ID.—FALSE TESTIMONY—DISTRUST OF WITNESS—INSTRUCTION.—An instruction that if the jury considers that any witness has been false in any part of his testimony, such witness is to be distrusted in the remainder of his testimony, omits two essential elements, viz., the willfulness of the false testimony given and its materiality.

APPEAL from a judgment of the Superior Court of San Mateo County, and from an order denying a new trial. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Lilienthal, McKinstry & Raymond, for Appellant.

John D. Willard, John W. Coleberd, and Gilbert D. Ferrell, for Respondent.

THE COURT.—This is an appeal by the defendant from a judgment in favor of plaintiff, and from an order denying a motion for a new trial, in an action for personal injuries.

The injuries to plaintiff for which damages are sought to be recovered were caused, it is alleged, by his being, through the negligence of the defendant, hit on the back of the left hand by a large box falling from a wooden chute which ran from the second to the first floor of defendant's warehouse, while the plaintiff was standing at the foot of the chute catching boxes as they descended thereon. The complaint is in two counts. The theory of the first count is that the wooden chute described in the complaint was an unsafe and insecure appliance with which to do the work to which plaintiff was assigned. It is alleged that the defendant negligently and without due or any care for the safety of the plaintiff did place and maintain a certain wooden chute in an unsafe and insecure position, dangerous to the life, body, and limbs of plaintiff, in failing to secure or fasten in any manner the chute to any thing or object, or to make it stable or stationary in its position; that the defendant caused another of its employees, one Bergmann, to work on the second floor of said warehouse at the upper end of said chute, and there to place heavy wooden boxes in and upon said chute, and send said boxes rapidly and down said chute to the first floor of said warehouse toward the place where plaintiff was working, which said Bergmann carelessly and negligently, and without due or any care for the safety of plaintiff, then and there did; that plaintiff was, while so employed by defendant, negligently and without any care for the safety of plaintiff, ordered and directed to take a place and position near the lower end of said chute, and there to work and receive and remove from said chute the heavy wood boxes sent down said chute, which said plaintiff then and there proceeded to do. Then the complaint alleges that while one of said boxes was descending, the chute shifted from its position, and caused the box to be deflected from the chute in such a way that it fell upon and struck with great force the hand of the plain-

tiff, inflicting the injuries upon and damaging the plaintiff in the manner and in the sum set forth and demanded in the complaint.

The second count of the complaint sets forth by reference all the allegations of the first count, and adds an allegation to the effect that while the box was sliding down the chute, and after the chute had slipped from its position, said Bergmann took hold of and moved the chute, thereby causing the said box to suddenly change the course of its motion, and to be diverted and deflected from the chute in such a way that it fell upon the plaintiff and caused the injuries complained of.

There is no merit in the defendant's first point that the general demurrer to the first count should have been sustained, for the reason that the complaint does not allege "directly or by implication that the defendant, the employer, knew or ought to have known of the alleged defects." The complaint, as we have seen, alleges that the defendant negligently and carelessly and without due care directed the plaintiff to work at a place or with an appliance which was not safe. The defendant could not have been negligent or careless in the respects indicated in the complaint unless it knew or, with the exercise of reasonable diligence should have known, of the defects of the place assigned to the plaintiff to work. Hence it follows that the complaint, at least by implication, alleges that the defendant had knowledge of the dangerous character of the place in which the plaintiff was directed to work.

In the case of *Indianapolis Southern R. Co.* v. *Wall*, 54 Ind. App. 43, [101 N. E. 680, 4 N. C. C. A. 532], it is said: "In an action to recover for injuries alleged to have been received through defendant's negligence in suddenly starting its train as plaintiff was boarding it, it is not necessary that the complaint allege that defendant failed to stop its train a reasonable length of time to permit plaintiff to board it safely, nor that defendant knew that plaintiff was attempting to board its train when it started it. The allegation that the train was negligently started while plaintiff was boarding is sufficient, and will permit of proof of the reasonableness of the length of the stop, and of defendant's knowledge that plaintiff was attempting to board the train, and that defendant negligently started the train while he was attempting to board it." (See, also, *Chicago etc. R. R. Co.* v. *Hines*, 132 Ill. 161, [22 Am. St.

Rep. 515, 23 N. E. 1021] ; *Leland* v. *Chehalis Lumber Co.*, 68
Wash. 632, [123 Pac. 1086] ; *Smith* v. *Buttner*, 90 Cal. 95, 100,
[27 Pac. 29] ; *Cunningham* v. *Los Angeles Ry. Co.*, 115 Cal.
561, [47 Pac. 452] ; *Pigeon* v. *W. P. Fuller & Co.*, 156 Cal.
691, [105 Pac. 976, 26 Cyc. 1144] ; *Alexander* v. *Central
Lumber & Mill Co.*, 104 Cal. 532, [38 Pac. 411].)

Referring to the second point, apparently it was the theory
of the plaintiff, as disclosed in this count, that the injury may
have been caused by the act of Bergmann in moving the chute
after it had shifted from its original position and while the
box which hit plaintiff's hand was descending the chute; but
it is not alleged that that act of Bergmann was negligently
done; and for that reason the defendant asserts that the
second count fails to state facts sufficient to constitute a cause
of action, and that therefore the general demurrer thereto
should have been sustained.

We think not. If this count was based solely on the alleged
act of Bergmann in moving the chute, it may be that this
count of the complaint would be deficient in the respect
claimed; but, as we have seen, this count embraces all the
allegations of the first, the allegations of which as to negli-
gence we have already set forth. Hence it is clear that the
second count as a whole upon at least one ground states suffi-
cient facts, and was proof against the general demurrer.
(*Hough* v. *Grant's Pass Power Co.*, 41 Or. 531, [69 Pac. 655] ;
*Jones* v. *Iverson*, 131 Cal. 101, [63 Pac. 135].)

Over the objection of the defendant the plaintiff was per-
mitted to answer the question, "what in your opinion caused
the box to fly off the chute and fall . . . on July 1, 1912?"
The question doubtless called for the opinion of the witness,
but it was not objected to upon that ground, nor did the wit-
ness in answering it give his opinion, but testified to a fact,
for he replied: "The chute slipped and the box fell on to the
step." The next question also called for an opinion, and it
was objected to on that ground. The question was, "What
caused the chute to slip and shift on that occasion?" and the
witness answered, "The dropping of the cases on to the
chute." If it appeared from this answer that the shifting of
the chute came about from the manner in which the boxes
were dropped into it, it might perhaps be said that an error
of some little prejudice to the defendant had been committed;
but the answer does not carry with it any such implication,

and the answer to the next question makes it clear that the witness' idea was that the accident was not caused in that way, for he speaks of the box that hit him as having been placed or laid upon the chute, and not as having been violently thrown thereupon. His theory was, as shown by his examination, in response to a question free from objection, that the chute was in bad condition, and that the box which struck him, while rapidly descending, caused the chute to slip, and was precipitated therefrom.

No error was committed by the court in permitting the plaintiff to describe the immediate surroundings of the place where he was put to work. Such evidence, we think, was admissible under a liberal construction of the issues framed by the pleadings; and it appears that the defendant must have so understood the pleading according to some of the instructions to the jury proposed by it.

The plaintiff was also allowed over objection to testify that on a prior occasion the chute had shifted, and that about fifteen minutes after the accident he observed the legs of the chute to be in bad condition. Questions eliciting this testimony were objected to, but it is clear that evidence of the condition of the place where plaintiff was injured within a reasonable time before or after the accident is admissible for the purpose of showing its condition at the time of the injury. (29 Cyc. 607, 614.)

The court gave a number of instructions at the request of the plaintiff to the effect that it was the duty of the employer to furnish his employees with a reasonably safe place to work, and with reasonably suitable and safe structures and appliances with which to do the assigned work. As before intimated, we think that under the allegations of the complaint and under the evidence introduced, such instructions were properly given; and this is tacitly at least conceded by two instructions given at the request of the defendant. Upon the latter's request the court upon this subject also gave the following instruction: "Under the pleadings in this case you cannot base your verdict in any degree upon any claim of plaintiff that the place in which he was working was unsafe or improper." This instruction was erroneous, and was in conflict with other instructions on the same subject; but as it was given at the request of the defendant and was more favorable to it than it was entitled to have given, it would seem

to follow that the defendant has no good ground of complaint. (*Dennison* v. *Chapman,* 105 Cal. 447, [39 Pac. 61]; *Mc-Namara* v. *MacDonough,* 102 Cal. 575, [36 Pac. 941]; *People* v. *Hower,* 151 Cal. 638, [91 Pac. 507].)

The court refused to give the following instruction: "You are instructed that if you consider that any witness has been false in any part of his testimony, that witness is to be distrusted in the remainder of his testimony." While this proposed instruction conforms to the language of subdivision 3 of section 2061 of the Code of Civil Procedure, still it is not as has been held, a complete exposition of the law, and, to be understood, it requires construction and amplification. It omits two essential elements, viz., the willfulness of the false testimony given and its materiality. In *People* v. *Plyler,* 121 Cal. 160, at page 163, [53 Pac. 554], the court say: "Defendant proposed the following instruction: 'If any witness examined before you has willfully sworn falsely as to any material matter, it is your duty to distrust his entire evidence.' This instruction was modified by the court and thus given: 'A witness who has willfully·sworn falsely in one part of his testimony is to be distrusted in others.' As given this instruction closely approximates to the language of subdivision 3 of section 2061 of the Code of Civil Procedure. The subdivision is but a brief paraphrase of the maxim, '*Falsus in uno, falsus in omnibus.*' The code provision, like the latin maxim, is not a complete exposition of the law. Well understood by jurists, it would be misleading to the non-professional mind. It requires construction and amplification. This it has received. (*People* v. *Sprague,* 53 Cal. 491, 494; *People* v. *Soto,* 59 Cal. 368.) The proposed instruction is an accurate exposition of its meaning, and should have been given. The charge delivered by the court omits the very important element that the willful false testimony must be upon a material matter."

Moreover, it is settled law that the giving or refusing to give this instruction, unless injury is shown, does not constitute prejudicial error. (*People* v. *Russell,* 19 Cal. App. 750, [127 Pac. 829]; *Medlin* v. *Spazier,* 23 Cal. App. 242, 245, [137 Pac. 1078].) In the last case, speaking of a similar proposed instruction, the court said: "Such instruction, however, belongs to that class of instructions which are said to pertain to mere commonplace matters that jurors are presumed to

know about and act upon in the absence of being instructed thereon. Hence, if not prejudicial to defendant's case, neither the giving nor refusal of them will be held to be a ground for reversal.''

There are other assigned errors; but a careful examination of the record discloses that appellant's contentions with respect to them are without substantial merit, and that the case was fairly tried.

Judgment and order affirmed.