# PEOPLE v. DANIELS.

## No. 20,980; September 28, 1893.

### 34 Pac. 233.

**Arson.**—On a Trial for Arson an Instruction that "Malice, within the meaning of the law, includes not only anger, hatred and revenge, but every other unlawful and unjustifiable motive," is correct, Penal Code, section 7, subdivision 4, providing that "the words 'malice' and 'maliciously' import a wish to vex, annoy or injure another person, or an intent to do a wrongful act."[1]

**Arson.**—An Instruction that, "Where the Evidence is entirely circumstantial, yet is not only consistent with the guilt of the defendant but inconsistent with any other rational conclusion, the law makes it the duty of the jury to convict, notwithstanding such evidence may not be as satisfactory to their minds as the direct testimony of credible eye-witnesses would have been," is correct.

APPEAL from Superior Court, Los Angeles County; B. N. Smith, Judge.

R. Daniels was convicted of arson in the second degree, and appeals. Affirmed.

C. C. Stephens for appellant; Attorney General Hart for the people.

BELCHER, C.—The defendant was convicted of the crime of arson in the second degree, and has appealed from the

---

[1] Cited in the note in 38 L. R. A., N. S., 1061, on malice aforethought in homicide.

judgment and from an order denying his motion for a new trial. The only grounds urged for a reversal are that the court erred in giving to the jury portions of two instructions asked by the people, and in its rulings upon the admissibility of certain evidence. It was proved that the defendant was present at the time and place of the fire, but otherwise the evidence against him was entirely circumstantial. The court instructed the jury, in the language of the Penal Code, that arson is the willful and malicious burning of a building with intent to destroy it, and that the offense is divided into two degrees, etc. It next gave an instruction to the effect that, to constitute the offense charged, the intent alleged in the information must be proved, but direct and positive testimony is not necessary to prove it. It may be inferred from the evidence if there are any facts proved which satisfy the jury beyond a reasonable doubt of its existence. Then follows the clause first objected to, in these words: "The court instructs the jury that malice, within the meaning of the law, includes not only anger, hatred and revenge, but every other unlawful and unjustifiable motive." The only criticism of the instruction is that "the definition of malice is fatally incorrect," but in what respect it is incorrect is not stated, nor are any authorities cited. The Penal Code defines "malice" and "maliciously" as follows: "The words 'malice' and 'maliciously' import a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law": Sec. 7, subd. 4. In the connection in which they are used, the phrases "an intent to do a wrongful act" and "every other unlawful and unjustifiable motive" must be held, in our opinion, to mean substantially the same thing. There was therefore no prejudicial error in the words complained of.

The court also instructed the jury in regard to direct and circumstantial evidence in the language used and approved in People v. Morrow, 60 Cal. 142. Then followed the part of the instruction secondly objected to, in these words: "Where the evidence is entirely circumstantial, yet is not only consistent with the guilt of the defendant, but inconsistent with any other rational conclusion, the law makes it the duty of the jury to convict, notwithstanding such evidence may not be as satisfactory to their minds as the direct testimony of credible eye-

witnesses would have been.'' It is claimed that the court erred in giving this instruction, but here, again, no particular error is pointed out and no authorities are cited. The language quoted is copied from the opinion delivered by Mr. Justice Sanderson in People v. Cronin, 34 Cal. 202, and, so far as we are advised, it has never been overruled or questioned. It must be held, therefore, that the instruction stated the law correctly. The points in regard to the admissibility of evidence are made by simply calling attention to certain folios in the transcript, where the rulings and exceptions are to be found. This way of presenting a case in this court is not very satisfactory, but we have examined the folios referred to, and fail to see any material error in any of the rulings. The judgment and order should be affirmed.

We concur: Searls, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.