THE STATE v. JOSEPH H. SHIELDS.

*Assault—Indictment—Deadly Weapon.*

1. The description, in an indictment, of the instrument with which an assault was made, as "an ax," *ex vi termini*, imports a deadly weapon.

2. One who by conduct calculated to produce a breach of the peace provokes an assault, cannot protect himself from responsibility therefor upon the ground that he fought in self-defence.

CRIMINAL ACTION, tried before *Winston, J.*, at November Term, 1891, of the Superior Court of ORANGE County. The facts appear in the opinion.

The *Attorney General* and *Mr. J. B. Batchelor,* for the State.
*Mr. J. S. Manning,* for defendant.

DAVIS, J.: The defendant was charged with an assault and battery on one Samuel P. Carden, with a deadly weapon, to-wit, an axe. The defendant and prosecutor were at the house of Frank Carden, a brother of the prosecutor. It was in evidence that Sam. Carden was in the yard sharpening an axe, when the defendant asked Frank Carden's wife for a gun, which she refused to let him have, her husband being absent; whereupon the defendant used opprobrious and insulting language to her, calculated to provoke a breach of the peace, and went into the house to get the gun, after being forbidden; that afterwards he went to the prosecutor and seized the axe in his hands, and in the struggle to get possession of it struck him over the head, and also broke his collar-bone.

It was also in evidence that the prosecutor had raised the axe to strike the defendant, and that each had hold of the axe and was endeavoring to get possession of it when the

blows were struck; that John Shields, a son of the defendant, testified that the prosecutor said, "If you go in the house I will mash your brains out with the axe." There was much other conflicting testimony, some of it tending to show that the prosecutor had assaulted the defendant, and that there was an affray.

No special instructions were asked of the Court, but counsel for the defendant, in his address to the jury, laid much stress upon the alleged fact that the prosecutor had assaulted the defendant with an axe, and defendant used only sufficient force to disarm the prosecutor. His Honor charged the jury, among other things: "In this case all the witnesses having stated that a blow was struck, by which the defendant, in the difficulty, broke the shoulder-blade of the prosecuting witness, the defendant cannot justify such blow, unless he was acting in self-defence. If he used no more force than was necessary to protect his person from hurt or harm, he is not guilty, but if he used excessive force, or was not acting in self-defence, but assaulted Carden, Carden not assaulting or attempting to strike the defendant, he is guilty." The case on appeal states: "The Court also fully recapitulated the testimony, and explained the law as applicable to the same, and gave the instructions of counsel for State and defendant. Counsel excepted upon the ground that his Honor failed to state, in a correct and concise manner, the evidence given in the case, and to explain the law arising thereon, and particularly that he had failed to call the attention of the jury to the law governing the defendant's right to disarm his adversary, if they believed the evidence of John Shields, but did not request the Court to do so"

The defendant moved in arrest of judgment, which was refused, and the defendant excepted. The only ground alleged for the motion in arrest of the judgment is that the deadly weapon is simply described as an axe, without giving its size, weight, etc. An axe is *ex vi termini* a deadly weapon,

and without further description the Court must conclude that a blow given with it, by a man of ordinary strength, would produce death, or great bodily harm, and the motion was properly refused.  *State* v. *Phillips,* 104 N. C, 786.

It is insisted by the counsel for defendant that his Honor failed to recapitulate the testimony, and especially that of John Shields, and to state the law applicable thereto.  The case on appeal expressly states that "the Court fully reca-pitulated the testimony and explained the law as applicable to the same," and there is nothing in the record to show to the contrary, and we must accept this as true.  But counsel for the defendant insists that, according to the testimony of John Shields, his Honor should have told the jury that the defendant had a right to disarm the prosecuting witness. No such instruction was asked, and there was no error in failing to give it.  But it would have been an error in his Honor to have singled out any particular witness, and told the jury if they believed that witness they must find the defendant guilty or not guilty.  This is too clear to need cita-tion of authority, for there was conflicting testimony; besides, his Honor charged the law correctly as applicable to the testimony of John Shields, for the jury were told if the defendant used no more force than was necessary to protect his person from hurt or harm he was not guilty, and this was as favorable as the defendant could have asked in any aspect of the case, and more so in view of the fact that there was evidence tending to show that the defendant was the original aggressor, and provoked the breach of the peace. *State* v. *Harrell,* 107 N. C., 944.

There is no error of which the defendant can complain.

Affirmed.