## THE STATE v. DRUMM, Appellant.

### Division Two, May 8, 1900.

1. **Indictment and Proof:** ASSAULT: DEADLY WEAPON. It is not necessary that the proof be any broader than the indictment, nor is it necessary that the indictment charge that an assault was committed with a deadly weapon, and hence it is not necessary to prove that the instrument with which the assault was committed was a deadly weapon.

2. **Deadly Weapon:** SEEN BY JURY: PROOF. The defendant struck the prosecuting witness in the face with a piece of gas pipe, charged in the indictment to be four feet long and of the weight of four pounds, badly breaking his nose and injuring the frontal part of his skull. The gas pipe was introduced in evidence, but its size and weight were not shown, nor was it shown that the effect of the use of it as alleged would be likely to produce death or cause great bodily harm, or that it was a deadly weapon. *Held,* that, as the statute requires that the indictment aver that the assault was made with intent to kill, which was done, but does not require that it charge that it was done with a deadly weapon, such charge and the proof thereof

State v. Drumm.

· were unnecessary. *Held,* also, that as the gas pipe was before the jury, as was the injury inflicted, and were considered in connection with each other, no further proof of its deadly character was necessary, and an instruction upon common assault was properly refused.

Appeal from Buchanan Criminal Court.—*Hon. B. J. Casteel,* Judge.

AFFIRMED.

*Crow, Eastin & Eastin* for appellant.

(1)   There was no evidence that the iron bar or gas pipe mentioned in evidence was a deadly and dangerous weapon, or that it was "a large piece of gas pipe," and the court therefore erred in submitting these questions to the jury in its instructions numbered 2, 3 and 11, and refusing the instruction asked by defendant on common assault.     State v. Jackson, 126 Mo. 516.     (2) Defendant was convicted under the second count of the indictment charging assault with a deadly and dangerous weapon.     The court, instructing the jury under this count by its instruction numbered 3, told them it was their duty to find the defendant guilty if they found the assault was made "with a large piece of gas pipe," thus withdrawing from the jury the question whether the instrument charged to have been used was a large piece of gas pipe, and if so, whether it was a deadly and dangerous weapon, as charged in the indictment, two of the most vital questions in the case.     State v. James, 63 Mo. 570; Iron Mt. Bank v. Murdock, 62 Mo. 70; Coleman v. Drane, 116 Mo. 387; State v. Smith, 119 Mo. 439; State v. McCasky, 104 Mo. 644; State v. McGinn, 113 Mo. 670; State v. Nelson, 118 Mo. 124.     (3)   There is no evidence in the record tending to prove that the gas pipe mentioned in evidence was a deadly weapon; but the fact that the court instructed the jury that it was for them to say whether or not the gas pipe

used was a dangerous and deadly weapon entitled defendant to the instruction asked on common assault, and the court erred in refusing the instruction. State v. Reynolds, 126 Mo. 516; State v. Fredericks, 136 Mo. 51. (4) The court erred in excluding testimony tending to prove that Harvey Lewis was a dangerous man, and that defendant at the time of the trouble knew that Lewis was a dangerous man. State v. Hicks, 27 Mo. 588; State .v. Rider, 90 Mo. 54; State v. Bryant, 55 Mo. 75.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

There is no merit in appellant's point that there was no evidence that the piece of gas pipe, with which the assault was made, was a deadly weapon. (a) Because the section of the statute upon which the second count of the indictment is based (the conviction being on that count) does not require the use of a deadly weapon. (b) The question as to whether the iron pipe was a deadly weapon, was not one to be determined by the opinions of witnesses. The weapon was in evidence before the jury, and it was for the jury to infer from the nature of the weapon, and the manner of its use, as to whether it was a deadly weapon, and instruction numbered 11 fairly and properly stated the law on this point. Jennings v. State, 9 Mo. 862; State v. Shields, 110 N. C. 497; Dains v. State, 2 Humph. (Tenn.) 439; Wilkes v. State, 3 Tex. App. 34; State v. Phillips, 104 N. C. 786; Wilkerson v. State, 33 Ga. 207; Rasberry v. State, 1 Tex. App. 664; Philpot v. Com., 86 Ky. 595. Such things as all persons of ordinary intelligence are presumed to know are not required to be proved. It is therefore not necessary on the trial of one for assault with a loaded pistol and a hoe with intent to murder, to prove that they are deadly weapons, as was decided in Hamilton v. People, 113 Ill. 34.

BURGESS, J.—On the 10th day of July, 1899, the defendant was convicted in the criminal court of Buchanan county under the second count of an indictment in which he is charged with having feloniously struck, cut and beat one Harvey E. Lewis, with a certain large iron pipe, of the length of four feet and of the weight of four pounds then and there being a dangerous weapon and then and there cutting, beating and bruising him, whereby the said Lewis was maimed and disfigu. ed and received great bodily harm. His punishment was fixed at two years' imprisonment in the penitentiary. He appeals.

On the evening of the 9th of April, 1899, the defendant and Harvey Lewis met in a saloon in the city of St. Joseph, where they had a wordy controversy, during which Lewis applied to defendant some very insulting remarks, but they separated without further trouble. About twelve o'clock that night while Lewis, who had returned to the saloon, and was sitting upon a chair with his back towards a door which lead into the saloon, the defendant entered and without any warning to Lewis struck him in the face with a piece of gas pipe, badly breaking his nose and injuring the frontal part of the skull, from the effects of which his eyes were closed, and he was confined to his bed for several weeks.

The gas pipe with which the injury was inflicted was introduced in evidence but its size and weight were not shown, nor was it shown that the effect of the use of it as alleged would be likely to produce death or cause great bodily harm, or that it was a deadly weapon.

The defense was that defendant acted in self-defense.

As there was no direct proof that the iron pipe with which the assault upon Lewis was committed was a deadly and dangerous weapon, or that it was "a large piece of gas pipe," it is claimed by defendant that the court erred in submitting these questions to the jury by the instructions, and

in refusing an instruction asked by defendant on common assault. The section of the statute under which the second count of the indictment was drawn and the conviction was had, section 3490, Revised Statutes 1889, does not require that the assault shall be committed with a deadly weapon, but does require that it be made with intent to kill in order to constitute a felony, and, it must follow, that, if it was not necessary for the indictment to allege that the assault was committed with a deadly weapon, it was not necessary that it be so shown by direct proof upon the trial, for it was not necessary that the proof should be any broader than the allegations in the indictment.

Besides, the instrument with which the assault was committed and the injury inflicted was before the jury, and when considered in connection with the extent and serious character of the injury inflicted with it, no further, or more direct proof of its deadly character was necessary. Not only this, but the jury were competent to judge from their own observation as to whether or not the gas pipe was a deadly weapon, for as to such things all persons of ordinary intelligence are presumed to know.

In Hamilton v. People, 113 Ill. loc. cit. 38, it is said: "The point is made there is no proof that the hoe with which the assault is alleged to have been made is a deadly weapon. The indictment alleges, and the proofs show, that an assault was made upon Parks with a loaded pistol and a hoe. This we think was sufficient. Conceding it was necessary that the deadly character of the weapons with which the assault was made should have been established before the jury (a matter not necessary to be determined), we are of opinion that was sufficiently done by proof that it was done with a hoe and loaded pistol. A hoe, both in popular and legal signification, is *per se* a deadly weapon,—fully as much so as a loaded pistol or an ax. Such things as all persons of ordinary intelligence are presumed to know, are not required to be proved."

See, also, State v. Shields, 110 N. C. 497.

It follows that there was no error in the State's instruction in this regard, or in refusing the instruction asked by defendant upon common assault. [State v. Musick, 101 Mo. loc. cit. 272.]

What has been said applies with equal force to defendant's criticism upon the State's third instruction, by which the jury were told that if defendant, "with a large piece of gas pipe," willfully, but without malice aforethought, made an assault on the witness, Harvey Lewis, and struck him on the head and face, with the intention of killing him, etc. they would find him guilty. The weapon used was a deadly one *per se*, and it was no usurpation of the province of the jury for the court in effect to so instruct them. But if there were any doubt as to the ruling of the court upon this question it was corrected by the State's eleventh instruction by which the jury were told that "whether or not the piece of gas pipe was a deadly weapon within the meaning of the law is a question of fact for the jury to decide, in determining which they will take into consideration the character and nature of the instrument, the manner in which it was used, if they believe it was used, and the probable effect of such use."

The instructions taken as a whole presented the case very fairly to the jury.

No error was committed we think in the admission or exclusion of testimony.

Finding no reversible error in the record, we affirm the judgment. *Gantt, P. J.*, and *Sherwood, J.*, concur.