## THE STATE v. BATEMAN, Appellant.

**Division Two, May 22, 1906.**

1. **ASSAULT WITH INTENT TO ROB: Instruction.** In a prosecution for assault with intent to rob, it is not necessary that the instructions require the jury to find that defendant made the assault with intent to deprive the owner of his property. In such case, it is only, necessary that the instructions properly define the offense of robbery and then require the jury to find that defendant made the assault with intent to rob.

2. ————: **Alibi: Instruction.** An instruction on alibi, set out in the statement, *held*, to properly declare the law on that subject.

Appeal from Greene Criminal Court.—*Hon. Jas. J. Gideon*, Judge.

AFFIRMED.

*Henry C. Young* for appellant.

(1) Instruction 1 does not properly declare the law. It was essential that the jury should be required to find, not only that the defendant intentionally made an assault upon the prosecuting witness, but also that at the time of making the assault he did so with the intent to deprive the owner of his property. Instruction 3 is a mere abstract definition of the term "robbery," and does not submit to the jury the question of the felonious intent; as above indicated, that must exist before the defendant can be convicted of the offense charged. State v. Graves, 185 Mo. 713. (2) Instruction 3 is confusing, ambiguous and casts upon the defendant the

burden of proving affirmatively his defense of an alibi. State v. Taylor, 118 Mo. 153; State v. Harvey, 131 Mo. 339.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

The instructions for the State properly defined the crime of robbery, and also informed the jury on the subjects of an alibi, presumption of innocence, burden of proof, reasonable doubt and credibility of the witnesses. They have often been approved.

FOX, J.—This cause is here upon appeal by the defendant from a judgment of conviction in the Greene County Criminal Court, for a assault with intent to rob one Charles R. Ingram. The offense of which the defendant was convicted, omitting formal parts, was thus charged in the information:

"Roscoe C. Patterson, prosecuting attorney, within and for the county of Greene, in the State of Missouri, informs the court that Ed. Bateman, on the 3rd day of September, A. D. 1903, at the said county of Greene and State of Missouri, did then and there feloniously make an assault in and upon the body of one Charles Ingram in the peace of the State then and there being, with the intent him, the said Charles Ingram, then and there, of certain money, goods and valuable things on the person of the said Charles Ingram then and there being, from the person, and in the presence of the said Charles Ingram, against the will of the said Charles Ingram, by force and violence to the person of the said Charles Ingram, and by putting the said Charles Ingram in fear of some immediate injury to his person, feloniously to rob, steal, take and carry away, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

To this information defendant entered his plea of not guilty and a trial of the cause was had. The State's evidence tended to prove that the prosecuting witness, Mr. Ingram, lived in Springfield, Missouri, and was a reporter for a newspaper in that city. That on the night of September 3, 1903, Mr. Ingram went to the depot of the Gulf railroad to meet the midnight train. As soon as the train arrived he purchased a Kansas City newspaper, turned and started home. When a short distance from the locomotive and while near an electric light, he saw two negro men, one of whom grabbed him by the lapel of his coat and said, ''Have you got any money?'' Mr. Ingram replied that he had not; and the negro came up close to him and felt through his pockets. The other negro took no part in the assault, but was close by, and said, ''Come on and leave him alone, he is a newspaper man.'' As the light from the engine and from the electric light were bright, Mr. Ingram had no difficulty in recognizing defendant, and also in discovering that defendant was under the influence of liquor. In the scuffle between them Mr. Ingram was struck in the eye and his straw hat was knocked off. A negro porter picked up Mr. Ingram's hat and told him that one of the men who ran away was named Ralph Burns. As defendant retreated he threw rocks at Mr. Ingram. The next day a complaint was filed by the prosecuting witness charging Ralph Burns with robbery. In a few days Burns was arrested by police officer Felis and taken before the prosecuting witness, who promptly said that he was the wrong man, and Burns was released. As soon as he was released Burns then told of the person who did make the assault and defendant was accordingly arrested. Mr. Ingram visited the county jail, saw defendant and recognized him as the guilty party, and was positive at the trial that defendant was the one who made the assault and felt in his pockets. Ralph Burns testified that he had been with defendant on the night of the assault had taken a few

drinks with him and saw defendant make the assault on Mr. Ingram, and that both Burns and defendant ran away.

On behalf of the defendant, the evidence tended to show that he did not make any assault on Mr. Ingram, but was at the home of his parents that night, defendant being only twenty years old. Defendant, his mother and brother testified to this alibi.

At the close of the evidence the court fully instructed the jury upon every phase of the case to which the testimony was applicable; as the correctness of only three of the instructions is challenged, it will suffice to reproduce those to which complaint is directed in the brief of counsel. They were as follows:

"1. You are instructed that if you believe and find from the evidence in this case that the defendant, Ed Bateman, on the 3rd day of September, A. D. 1903, or at any time within three years next before the filing of the information in this case, to-wit, 30th day of December, A. D. 1903, at the county of Greene and State of Missouri, did then and there feloniously make an assault in and upon one Charles Ingram, with intent him, the said Charles Ingram, then and there to rob, you will find the defendant guilty as charged in the information and assess his punishment at imprisonment in the state penitentiary for a term of not less than two years, nor more than five years, or at imprisonment in the county jail not less than six months nor more than twelve months, or by a fine of not less than one hundred dollars nor more than one thousand dollars, and imprisonment in the county jail not less than three months nor more than twelve months, or by a fine of not less than one hundred dollars nor more than one thousand dollars.

" 'Feloniously' as used in the information and these instructions means unlawfully, against the admonitions of the law.

"2. The term 'robbery' as mentioned in these in-

structions means the felonious taking of the money or property of another from his person, or in his presence and against his will, whether by violence to his person, or by putting him in fear of some immediate injury to his person with intent to permanently deprive the owner of such money or property and without any honest claim to it.

"3. The jury are instructed that the defendant alleges as a defense in this cause an alibi, that is, he says he was not present at the time and place of the alleged assault with intent to rob, but was elsewhere. Now, if the jury find from the evidence in the cause that the defendant was elsewhere than at the place of the alleged assault with intent to rob, at the time of the alleged assault with intent to rob, then they should find the defendant not guilty, and if upon a full consideration of all the evidence in the case, the jury have a reasonable doubt as to whether defendant was elsewhere than at the place of the alleged assault with intent to rob at the time of the assault with intent to rob, then they should find the defendant not guilty."

The cause being submitted to the jury upon the evidence and instructions of the court, the jury returned their verdict finding the defendant guilty and assessed his punishment at imprisonment in the penitentiary for two years. Motions for new trial and in arrest of judgment were timely filed and by the court overruled. Judgment and sentence was rendered in accordance with the verdict and from this judgment defendant prosecuted his appeal to this court, and the record is now before us for review.

### OPINION.

The record in this cause discloses that the only complaint of error urged by counsel for appellant is that instructions Nos. 1 and 3, given by the court, do not correctly declare the law applicable to the offense charged upon the facts as developed at the trial.

I.  It is insisted by appellant that instruction No. 1 did not go far enough, and that it was essential that the jury should be required to find, not only that the defendant intentionally made an assault upon the prosecuting witness, Charles Ingram, with intent to rob, but also that at the time of making the assault he did so with the intent to deprive the owner of his property; and that instruction No. 2, defining robbery, does not cure the error in instruction No. 1.

In support of this insistence our attention is directed to the case of State v. Graves, 185 Mo. 713. That case falls far short of supporting the contention of appellant in the case at bar.  A careful examination of the Graves case will clearly demonstrate the distinction between it and the case now in hand.  In the one, that is, the Graves case, the defendant was charged and convicted of the completed offense of robbery; in the other, that is, in this case, the defendant is simply charged with an assault with intent to rob. In the case relied upon by appellant it will be observed that the instruction was condemned upon the ground that it failed to require the jury to find that the defendant took the property from the prosecuting witness with the intent to permanently deprive him of it. It will be observed in that case, in which the completed offense of robbery was charged, that while the court correctly defined the offense of robbery, yet it omitted anywhere to require the jury to find that the defendant took said property with the intent to permanently deprive the owner of it, which was an essential element of the offense as charged in that case.  Not so in the case at bar; here the defendant is simply charged with an assault with intent to rob and the instruction complained of required the jury to find that the assault was made with such intent, which is followed with a clear explanation of what constitutes robbery, and this is manifestly all that was required and submitted to the jury every essential element constituting the offense charged.  In

other words, the instructions substantially told the jury what were the essential elements of robbery, and that if they found that the defendant assaulted the prosecuting witness with the intent to commit such offense, then they should find him guilty of the offense charged.

II.  It is next insisted that instruction No. 3, on the defense of an alibi, is confusing, ambiguous and casts upon the defendant the burden of proving affirmatively such defense.

We are unable to give our assent to the interpretation of this instruction urged by learned counsel for appellant.  This instruction in no part of it undertakes to cast the burden of proof of this defense upon the defendant.  It sin. ,ly in plain terms tells the jury that if they find from the evidence in the cause that the defendant was eleswhere than at the place of the alleged assault with intent to rob at the time of the alleged assault with intent to rob, then they should find the defendant not guilty; and then expressly directs the jury that if upon a full consideration of all the evidence in the cause, they entertain a reasonable doubt of the presence of the defendant at the time and place of the alleged commission of the offense, they should acquit him. This instruction is in accord and perfect harmony with the rulings of this court in State v. Taylor, 118 Mo. 153, and State v. Harvey, 131 Mo. 339, and it fairly submitted to the jury appellant's defense of an alibi.

We have thus indicated our views upon the propositions disclosed by the record, to which our attention has been directed in the brief of counsel for appellant, and the testimony being sufficient to support the finding and verdict of the jury, there is nothing left to be said except to announce our conclusion, which is that the judgment of the trial court should be affirmed, and it is so ordered.

All concur.