## THE STATE v. THOMAS COX, Appellant.

### Division Two, May 20, 1913.

1. **EVIDENCE: Reviewed on Appeal.** The evidence *held* sufficient to support a conviction for assault with intent to rob.

2. **ASSAULT WITH INTENT TO ROB: Evidence: Of Another Crime Admitted as Res Gestae.** Upon a trial for assault with intent to rob a street car conductor, the conductor testified that he saw defendant put his hand in the pocket of a passenger, whereupon he (the conductor) asked if anybody had lost anything, and then defendant struck him in the face and tried to pull his money changer from his coat. *Held,* that the evidence of defendant's attempt upon the passenger was admissible as part of the *res gestae.*

Appeal from St. Louis City Circuit Court.—*Hon. Leo Rassieur,* Judge.

AFFIRMED.

*Fish & Fish* for appellant.

*John T. Barker*, Attorney-General, and *William T. Fitch*, Assistant Attorney-General, for the State.

WILLIAMS, C.—Under an information charging him with an assault with intent to rob, defendant was tried and convicted in the circuit court of the city of St. Louis, and his punishment assessed at two years in the penitentiary.

Assault With Intent to Rob.

The evidence for the State tended to show that on October 7, 1911, about 5:20 p. m., defendant boarded a street car near Sixth street and Franklin avenue, in St. Louis. The car was of the type known as the "pay-as-you-enter," and was in charge of Harvey L. Fortner, as conductor, and he was standing at the time just inside the car, near a small opening or window through which the passengers would reach and drop their fare into a receptacle therefor inside the car. The conductor had a "money changer," containing about eleven dollars, fastened in front on the outside of his clothing. This was a metal contrivance containing change for the use of the conductor in making change for the passengers, so that they could deposit the proper fare. The defendant did not offer to pay his fare, but took a standing position against the back rail of the rear platform. On the evening in question the car was somewhat crowded, and eight or ten persons were standing on the rear platform. About the time defendant boarded the car several other persons got on, among them being a lady and an old man. As the lady paid her fare, she pointed the defendant out to the conductor, and said that he, the defendant, had tried to grab her purse. The next passenger to pay his fare was the said old man, and while the conductor, as the latter testifies, was in the act of changing a one-dollar bill for the old man, he saw defendant put his hand in the old man's pocket. Just after this the conductor said, "Has anybody lost anything?"

and immediately thereafter the defendant, who had moved up closer to the position of the conductor, stepped towards the window in front of the conductor, reached through said window and struck the conductor a blow on the face, at the same time grabbing and trying to wrest the money changer from the conductor. The blow caused the conductor to fall backwards, and when he got up his nose was bleeding. The money changer was still fastened to his clothing, but was partially torn loose from its fastenings. All of the above occurred in a very short period of time, and while the car traveled less than the length of one city block. Immediately after this occurrence the defendant jumped off the car, whereupon some of the passengers on the back platform exclaimed "go back and get him." At these remarks, the defendant, with his hand in the neighborhood of his hip pocket, and in a threatening attitude, told the passengers to "get him" if they thought they could. The car stopped after going a short distance, and the conductor and some of the passengers went back towards Sixth street to locate the defendant, and found him in a saloon at the corner of Sixth and Franklin avenue. A policeman was called, and defendant was placed under arrest.

The above facts were testified to by the conductor, who was corroborated by three witnesses who were passengers on the car at the time and in a position to see what took place.

The defendant did not take the witness stand, but a witness named King testified in defendant's behalf that he was a passenger and on the back platform of the car at the time, and that the conductor accused defendant of being a pickpocket, whereupon the defendant said "that is an insult," and struck the conductor with his right hand. The witness further testified that he did not see the defendant grab for the conductor's money changer at any time.

I. Appellant first complains that the verdict is against the law and the evidence. Upon a careful review of the evidence, we find every element of the offense charged to have been amply proven. In fact, it is difficult to see how the jury could have arrived at any other verdict.

*Sufficiency of Evidence.*

II. Complaint is made that the court erred in admitting "illegal" evidence offered by the State. The only evidence to which appellant made proper objection and saved exception was the testimony of the conductor that he saw defendant with his hand in the pocket of an old man who was having a dollar bill changed preparatory to paying his fare. The conductor testified that this occurred just before he (the conductor) asked if anybody had missed anything, and that immediately after making such inquiry the defendant struck him, grabbed his money changer and jerked at it twice in an effort to pull it loose from its fastenings. The correct rule concerning the admissibility of evidence of this character is stated in 4 Elliott on Evidence, sec. 3137, as follows:

*Evidence of Another Offense: Res gestae.*

"If while the accused was engaged in the commission of the alleged robbery he also committed another offense, the whole transaction is usually admissible as a part of the *res gestae,* notwithstanding the fact that the evidence also shows the commission of such other offense."

The admission of the testimony complained of did not constitute error.

The instructions given fully and fairly declared the law applicable to the case, and are free from error. The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The above opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.