245 S.W.2d 866 (1952)
STATE
v.
BROWN.
No. 42631.
Supreme Court of Missouri, Division No. 2.
February 11, 1952.
Wilbur F. Daniels, Fayette, for appellant.
*867 J. E. Taylor, Atty. Gen., Hugh P. Williamson, Asst. Atty. Gen., for respondent.
WESTHUES, Commissioner.
Appellant was convicted of an assault with a dangerous and deadly weapon with intent to rob as defined in R.S.1949, Section 559.180, V.A.M.S. A jury assessed appellant's punishment at two years' imprisonment in the State Penitentiary. He duly appealed to this court.
The offense was alleged to have been committed in Cole County, Missouri. On change of venue the case was transferred to Howard County where it was tried.
Appellant briefed the question of the sufficiency of the evidence to sustain a conviction.
Joe Heninger, the victim of the assault, was the principal witness for the State. His evidence tended to prove the following: Heninger lived on a farm located near a county road a few miles north of Russellville, Missouri. He testified that on the afternoon of June 16, 1949, at about four o'clock, he noticed a car with two men in it stop at his place. He stated that he went to the car and that a man whom he identified as appellant got out of the car and told the witness that they were cleaning toilets and wells. Heninger informed him his well was all right; that appellant then punched the witness on the hip with a gun saying, "You're just the fellow we're looking for."; that the other man then got out of the car and the two took the witness to the house and tied his hands behind his back; that they then said to him, "Now, where's your money?"; that he told them he had no money. Then the men told Heninger that he had been bragging about having money which he had received after his sister died. After some further argument, one of the men stated, "I believe we've got the wrong fellow." The witness testified that the men then departed leaving him (the witness) with his hands tied behind his back. Heninger's testimony was that appellant limped badly when he got out of the car; that he later reported the assault to the Highway Patrol and informed them that the man who held the gun on him limped. On October 6 following, appellant was arrested and Heninger identified him as the man who had committed the assault. A number of witnesses testified that they noticed appellant limp when in custody of the officers on October 6. Heninger was also corroborated in his evidence that he had informed the Highway Patrol that the man who had the gun on June 16 limped.
Appellant's defense was an alibi which he supported by substantial evidence.
Appellant's principal contention as to the sufficiency of the evidence is that Heninger's testimony included contradictions on so many points that his evidence was unworthy of belief. Some of these contradictions were on immaterial points and others were explained. For example: Appellant makes much of the fact that Heninger at one trial testified Russellville had a population of 1300 and on this trial testified it was 300. Note the explanation as made by Heninger on cross-examination:
"Q. What's the population of Russellville? A. Well, I said the other timeit just slipped my mind. I meant to say 300. I said 1300. Sometimes over 300, sometimes less.
"Q. Well, it's true that in this very court room, after living there for 66 years, you said the population of Russellville was 1300 didn't you? A. Yes.
"Q. And it's actually about 319? A. Three hundred is what I intended to say and I said 1300 instead.
"Q. But you did say 1300? A. Yes, but 300 is what I intended to say."
It is obvious that the point made by appellant is without merit. Much of the cross-examination was of the same nature as that above-quoted. Whether these contradictions affected the weight of Heninger's evidence was for the jury. We hold the evidence was ample to support the verdict.
Appellant complains because the trial court did not instruct on common assault. Such an instruction was not justified by the evidence. State v. Higgerson, 157 Mo. 395, 57 S.W. 1014, loc. cit. 1016; State v. Drumm, 156 Mo. 216, 56 S.W. 1086. Appellant cites State v. Brown, Mo.Sup., 165 S.W.2d 420, loc. cit. 421; State v. Marlin, *868 Mo.Sup., 177 S.W.2d 485; and State v. Lynn, Mo.App., 184 S.W.2d 760. These cases as well as others hold that where the evidence justifies a conviction of a lesser degree of crime than the one charged, a trial court must instruct on the lesser degree. We have no such situation in this case. Appellant says the evidence showed that the persons who committed the assault had mistaken Heninger for someone else. This is based on the evidence that the perpetrators of the crime thought their victim's sister had died leaving him some money. We cannot follow such reasoning. If A steals a horse from B, thinking at the time he is stealing from C, he would, nevertheless, be guilty of larceny. So, in this case the evidence shows the two men committed an assault with intent to rob. The essence of the offense is the assault. That crime was completed when Heninger was threatened with a gun and ordered to give up his money. The fact that he had no money did not mitigate or lessen the degree of the offense. Nor did the fact that the two men thought Heninger was someone else affect the degree of the assault. State v. Layton, 332 Mo. 216, 58 S.W.2d 454, loc. cit. 457(6); 54 C.J. 1090, § 218.
Appellant complains because the trial court failed to define robbery. Appellant was charged with an assault. That was the gist of the offense. If appellant by means and use of a gun attempted to take the prosecuting witness' money against his will, he was guilty of an assault with intent to rob. The word "robbery" in such a case need not be defined. State v. Messino, 325 Mo. 743, 30 S.W.2d 750, loc. cit. 761(19); State v. Hart, 292 Mo. 74, 237 S.W. 473, loc. cit. 482(29, 30).
Appellant says the trial court should have granted a new trial because of newly discovered evidence. Granting a new trial on the ground of newly discovered evidence is largely within the discretion of the trial court. State v. Jennings, 326 Mo. 1085, 34 S.W.2d 50, loc. cit. 54(9-12). A trial court may take into consideration whether the newly discovered evidence might produce a different result. Diligence or the failure thereof is also a matter to be considered. 23 C.J.S., Criminal Law, § 1455, p. 1235. The trial court in this case was justified in refusing appellant's request. 23 C.J.S., Criminal Law, § 1453, p. 1224.
Finding no error in the record, we hereby affirm the judgment.
BOHLING and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All concur.