STATE of Missouri, Respondent,

v.

Sylvester WASHINGTON, Appellant.

No. 48955.

Supreme Court of Missouri,

Division No. 2.

May 14, 1962.

Gene R. Martin, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Thomas R. Green, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

■ The appellant, Sylvester Washington, has been found guilty of an assault with intent to rob and sentenced to two years' imprisonment. Specifically, the information charges that on April 23, 1961, the appellant and Robert Edward Williams "feloniously and with malice aforethought make an assault upon one LeRoy Watkins, with a deadly and dangerous weapon, to-wit: brass knucks, then and there by force and violence to the person of the said LeRoy Watkins, by putting the said LeRoy Watkins in fear of some immediate injury to his person, with the felonious intent the said LeRoy Watkins, to rob * * *." It has been pointed out that it is not the common practice to employ the assault statutes, V.A.M.S. Secs. 559.180, 559.190, in instances of robberies or attempted robberies, usually such offenses have been prosecuted under the robbery statutes, V.A.M.S. Secs. 560.120, 560.135. Nevertheless, if all the elements of the offense are present, particularly malice, and there is an attempt to rob, it is permissible to employ the assault statutes. State v. Hagerman (Mo.), 244 S.W.2d 49. This information, in the language of the statute (Sec. 559.180), appropriately charges the substantive offense of an assault with malice with intent to rob. State v. Bateman, 196 Mo. 35, 36, 95 S.W. 413.

The evidence adduced by the state was that about 2:10 a. m. LeRoy Watkins and his wife Margie Bell, parked their automobile at the curb at 12th and Forest Streets in Kansas City. Margie remained in the car with the doors locked while LeRoy went across the street to a lunchstand for food. As LeRoy stood in line at the lunchstand he saw four young men cross the street and approach the automobile. They attempted to open the car doors and Margie started "blowing the car horn" to attract her husband's attention. When she honked the horn the boys moved away but one of them returned and peered into the automobile. LeRoy walked back to the automobile inquiring, "What is the matter, fellows, what is the matter?" By that time the young men were around the automobile again and one of them said, " 'Let's surround him. * * * Let's rush him,' " and immediately the boys "jumped" LeRoy and began "swinging" as he went to the car door. LeRoy saw that Robert Williams had brass knucks and "so I started swinging." He hit Williams on the chin and "he threw his hand up in the air, that is when I grabbed the knucks away from him." In the meantime the appellant Washington jumped from the curb across the front of the automobile and "hit me in the back and felt for my (hip) pocket" in which he carried his wallet. "When he jumped over the car, two fellows standing in front of me, when he jumped over the car got behind me, I turned around and swung at him, I got hit at the same time in the chin." It was when someone said "Let's rush him" that Washington jumped across the car, "that is when he struck me" and grabbed for the billfold in his hip pocket,— "I just felt him when he hit my pocket. * * * All of them had taken a swing at me." Williams with his knucks "had tried to throw some blows into me, he didn't get to hit me." After LeRoy grabbed the knucks he backed away towards the lunchstand to call the police, the boys separated and ran down 12th Street except that Williams followed LeRoy and asked for the return of his knucks. The police arrived almost immediately and at 12th and Lydia Streets arrested four young men, one of them Washington. It turned out that two of the four arrested had not participated in the assault (two of them got away and the appellant did not know their names). LeRoy and his wife positively identified the appellant as one of his assailants.

■ In these circumstances the jury could find concert of action "with a common intent" and the court did not err in giving the jury the conventional abstract instruc-

tion on the subject. State v. Hicks (Mo.), 167 S.W.2d 69; State v. Pease (Mo.), 133 S.W.2d 409; State v. Gillespie (Mo.), 336 S.W.2d 677. Furthermore, in these circumstances the jury could reasonably find all the elements of an assault with malice with intent to rob (State v. Cox, 250 Mo. 375, 157 S.W. 308) and instruction two appropriately submitted the hypothesis. "(T)he defendant is simply charged with an assault with intent to rob, and the instruction complained of required the jury to find that the assault was made with such intent, which is followed with a clear explanation of what constitutes robbery, and this is manifestly all that was required and submitted to the jury, every essential element constituting the offense charged." State v. Bateman, 196 Mo., l. c. 40, 95 S.W., l. c. 414.

■ And in this connection the court did not err in refusing to give, for the assigned reasons that they were proper "converse instructions," instructions B and C. In effect the defendant testified that he was a mere bystander, that for some unknown or unexplained reason there was a melee or mutual combat between Watkins and two or three of their group of four and that Williams got the knucks out of his pocket and swung after being kicked by Watkins. Instruction C told the jury that if it found that Washington did not make an assault upon Watkins he should be acquitted. Instruction B told the jury that if it found that he made an assault upon Watkins but that it was not made with the intent to rob he was not guilty of an assault with intent to rob. Principal instruction two contained the exculpatory paragraph "And, unless you find the facts to be as above stated, you are instructed to acquit the defendant of Assault with the Intent to Rob with Malice Aforethought." Thus the jury was instructed to acquit the appellant if the facts were not found to be as set forth in the principal instruction. As indicated, it was the state's theory that the appellant in concert with two others and Williams, who was using brass knucks, made an assault upon Watkins for the pur-

pose of robbing him. The evidence supported the charge and the hypothesis of the principal instruction and instructions B and C were not in point of fact correct converse submissions of instruction two. State v. Hicks, 353 Mo. 950, 956, 185 S.W.2d 650, 653.

■ The meritorious question upon this appeal is whether the court erred in failing to instruct the jury upon the lesser but included offenses of assault without malice (V.A.M.S. Sec. 559.190) or common assault. V.A.M.S. Sec. 559.220. As indicated, it is permissible, providing all the elements of the offense are present, to employ the assault with malice statute (V.A.M.S. Sec. 559.180) in instances of attempted robberies rather than the robbery statutes. V.A.M.S. Secs. 560.120, 560.135. However, difficulties and complications may arise in prosecutions under the assault statutes; in the first place these statutes provide that "Upon an indictment for an assault with intent to commit a felony, or for a felonious assault, the defendant may be convicted of a less offense; and in all other cases, whether prosecuted by indictment or information, the jury or court trying the case may find the defendant not guilty of the offense as charged, and find him guilty of any offense, the commission of which is necessarily included in that charged against him." V.A.M.S. Sec. 556.230. When this statute is applicable to the circumstances it is the court's duty "Whether requested or not, the court must instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict * * *." V.A.M.S. Sec. 546.070; Sup.Ct. Rule 26.02, V.A.M.R.; State v. Fine, 324 Mo. 194, 23 S.W. 2d 7; State v. Marlin (Mo.), 177 S.W.2d 485, l. c. 488. The differences in prosecutions under the statutes, assault with malice or robbery, is indicated by a case relied on by the state, State v. Benjamin (Mo.), 309 S.W.2d 602, which in point of fact was a prosecution under the robbery statutes. The following cases were prosecutions for assaults with malice with deadly weapons

or with intent to kill, not attempts at robbery, and involved various weapons, guns, rocks, sticks and knucks, but in the circumstances the convictions were reversed for failure of the court to also instruct the jury upon the included and lesser offenses of assault without malice or common assault: State v. Fine, 324 Mo., 1. c. 199, 23 S.W.2d, 1. c. 10; State v. Shipley, 174 Mo. 512, 74 S.W. 612; State v. Fredericks & Langon, 136 Mo. 51, 37 S.W. 832; State v. Reynolds, 126 Mo. 516, 29 S.W. 594. Before instructions on the included or lesser offenses are compelled, however, there must be evidentiary support for such offenses. 6 C.J.S. Assault and Battery § 128(d), p. 1005; State v. Allen (Mo.), 343 S.W.2d 63; State v. Spradlin, 363 Mo. 940, 254 S.W.2d 660; State v. Brown (Mo.), 245 S.W.2d 866; State v. Johnson, 326 Mo. 1030, 33 S.W.2d 912. While the annotator was probably not concerned with distinctions in prosecutions under the two types of statutes, he nevertheless states the rule: "Generally, it may be said that where, in a prosecution for robbery or assault with intent to rob, the evidence is such as would warrant a conviction of the crime charged, and there is no evidence which would warrant a conviction for assault or assault and battery, or the evidence indicates that if the defendant is guilty at all he is guilty of the higher offense, an instruction on the lesser offenses need not be given." Annotation "Effect of failure or refusal of court, in robbery prosecution, to instruct on assault and battery," 58 A.L.R.2d 808, 810.

The appellant Washington testified that there was a fight, circumstances which would compel an instruction on common assault (State v. Shipley, supra; State v. Fredericks & Langon, supra), but he denied that he was a party to it. He claimed that he was a mere bystander, that he did not jump on Watkins' back, did not strike at or hit him, had no intention of robbing him and did not engage in the melee. According to him, he was not guilty of any offense. Had he admitted participation and a reason for the assault other than robbery

or denied a felonious intent even though engaging in the combat, an instruction on the lesser or included offenses may have been required. 58 A.L.R.2d, 1. c. 810. Thus, upon this record, the appellant was either guilty of the supported charge of assault with malice with intent to rob or he was not guilty of any offense. State v. Brown (Mo.), 245 S.W.2d 866; State v. Henggeler, 312 Mo. 15, 278 S.W. 743; 58 A.L.R., 1. c. 818. In the detailed circumstances the jury could reasonably find concert of action in an assault and attempt to rob Watkins, one of his assailants employed metal or brass knucks, a "dangerous or deadly" weapon (V.A.M.S. Sec. 564.610; 94 C.J.S. Weapons § 6(c), p. 489) and for the reasons indicated the court did not err in failing to instruct the jury on the included or lesser offenses.

■ As stated, the appellant denied that he took part in the assault on Watkins. On cross-examination he conceded that he was with three other boys who did engage in a fight with Watkins. He claimed, however, that he did not know the names or whereabouts of two of the boys. He said that he did not know whether Williams attempted to open one of the car doors even though he admits having told a detective that he did. Also, he saw Williams with the knucks and he told the detective that Watkins knocked Williams down and took the knucks away from him. He did not give the police a signed statement but "he told them what happened." In the course of his cross-examination the state's attorney asked Washington this question: "Now, previously that evening Robert Williams had bragged to you about getting some money off of a white man at 12th and Troost, hadn't he?" The court promptly sustained objection to the question and in the circumstances the mere question was not so manifestly inflammatory as to demand the granting of a new trial by this court. 24B C.J.S. Criminal Law § 1914(3), p. 16, § 1948 (2) (d), p. 350; State v. Curtis (Mo.), 325 S.W.2d 489, 494.

Questions not required to be presented in a motion for a new trial have also been examined and the transcript shows compliance with all matters necessary to be considered by this court upon the record before it. Sup.Ct.Rule 28.02. Accordingly, the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All of the Judges concur.